339 So.2d 228 (1976)
Earl Edward MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1716.
District Court of Appeal of Florida, Second District.
October 6, 1976.
*229 Jack O. Johnson, Public Defender, Bartow, Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
McNULTY, Chief Judge.
The question before us this day is whether the trial court should have afforded appellant an opportunity to withdraw a negotiated plea of guilty before sentencing. Under the circumstances of this case we think the trial court should have done so and we remand for that purpose.
Appellant was charged with breaking and entering with intent to commit a felony. He pleaded guilty pursuant to negotiations in which he was to get three years imprisonment. At the ensuing sentencing proceeding the trial court itself initiated a renegotiation of the plea and the following colloquy occurred:
THE COURT: Well, I will tell you what I will do, if he wants to do it. I will continue this case for six months. In other words, it is a fifteen-year offense, isn't it?
MR. BRADLEY: That's correct, Your Honor.
THE COURT: In other words, he faces fifteen years in the State Prison. I will look at it in six months. He will take a lie box at the end of six months to see if he's committed any other crimes. If he has, I won't revoke him based on the lie box, but will certainly find out what the crime was and will certainly get the people in here and try to prove it against him. If he commits one more crime I am going to give him fifteen years in the State Prison. I don't care if he has eight children. That is opposed to three years now.
If he continues to work, he marries this woman  If it is the proper thing to do. I am not telling them they have got to get married. But if they want to get married, they should get married. That's not *230 a condition of it. Do you want to do that?
MR. BRADLEY: If I can have a moment with him, I think he does. The defendant wants to do that.
MR. ALFONSO: Your Honor, if I could inquire, what would be the disposition at the end of the six months?
THE COURT: At the end of the six months I would make a decision. If he's clean it would be three years or less. If he's not clean, it is going to be fifteen years.
MR. BRADLEY: Fine, Your Honor.
THE COURT: That means out of bars, out of other people's houses; do you understand?
THE DEFENDANT: Yes, sir.
THE COURT: Is that what you want to do?
THE DEFENDANT: Yes, sir.
THE COURT: If you are convicted of one more thing you are going to the State Prison for fifteen years. I don't care if you parade eight children up there; do you understand it?

THE DEFENDANT: Yes, sir.
THE COURT: All right.
(Italics supplied.)
At the end of the six-month period called for, the appellant came back before the court for sentencing. At that time the court alluded to a trial, presided over by the same trial judge, in which appellant had been charged with rape allegedly committed during the six-month period. The appellant was acquitted of that rape but testified at the trial that he had gone over to the prosecutrix' house at her request, that they had kissed, fondled, etc., and that the prosecutrix invited him into the house where the alleged rape occurred. Notwithstanding the acquittal, the following occurred at the sentencing hearing in the instant case:
THE COURT: Obviously no lie box was necessary. He was charged with rape, went to trial, was found not guilty of rape, but he took the stand and admitted that he committed a fornication and an adultery.
I will make an adjudication of guilt. Do you or your client have any further comments prior to disposition?
MR. BENITO: Your Honor, he was acquitted of that charge that he was charged with.
THE COURT: That's correct, he was.
MR. BENITO: And the presumption of innocence should be with the defendant.
THE COURT: It is. He was not guilty of rape. I think he probably was not guilty of it. But he's not not guilty of fornication and adultery because he took that stand under oath and said that he's guilty of that. Any further comments prior to sentencing?
MR. BENITO: No, Your Honor.
THE COURT: It is the judgment, order and sentence of this Court that Earl Edward Moore be confined in the Florida State Prison for fifteen years. I will give him credit for all time served.
As noted, we are of the view that under these circumstances the court should have afforded appellant an opportunity to withdraw his plea before imposing sentence.
We comment first, parenthetically, that though not per se grounds for reversal under the present posture of the case, the trial court was without authority simply to defer the imposition of sentence on the instant charge for a period of six months.[1] If the trial court had wished to tie the length of sentence to future behavior the appropriate procedure is to impose probation, prescribe certain terms and, upon the orderly establishment of a violation thereof, properly revoke the probation. That not having been done, however, we may consider the case as though sentence were timely imposed upon a negotiated plea.
Considered in this light, we now determine that the bargain as finally struck *231 at the instance of the court was that the fifteen-year sentence was to be predicated on a conviction or proof of a criminal offense committed during the six-month period of sentence deferment. This is a fair interpretation of the bargain and obviously appellant so interpreted it when he pleaded guilty in consideration thereof.
Admittedly, there was no conviction. Moreover, there was no proof of a crime, notwithstanding appellant's admissions of meretriciousness, since the record affirmatively indicates that his sexual exploits were neither adultery nor fornication as those offenses are defined by law. Adultery must be "open and notorious,"[2] and fornication must involve an unmarried woman.[3] Neither was the case here.
So it appears that the trial court chose to reject the terms of the plea negotiations. While he has the authority to reject them, he ought not do so without first affording appellant the opportunity to withdraw his plea.[4]
In view whereof, the judgment and sentence appealed from should be, and they are hereby, reversed; and the cause is remanded with directions that appellant be afforded an opportunity to withdraw his plea and enter a plea of not guilty.
HOBSON and GRIMES, JJ., concur.
NOTES
[1] See State v. Bateh (Fla. 1959), 110 So.2d 7; Baggett v. State (Fla.App.2d, 1974), 302 So.2d 206.
[2] Section 798.01, F.S. 1975.
[3] See DeLaine v. State (Fla. 1972), 262 So.2d 655, construing § 798.03, F.S. 1975.
[4] See Barker v. State (Fla.App.2d, 1972), 259 So.2d 200; also cf. Brown v. State (Fla. 1971), 245 So.2d 41.