374 So.2d 1139 (1979)
Nathaniel NESMITH, Appellant,
v.
STATE of Florida, Appellee.
Nos. 79-247, 79-248.
District Court of Appeal of Florida, Second District.
September 14, 1979.
Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
We are once again faced with the question of whether the trial court should have allowed appellant an opportunity to withdraw a negotiated plea of guilty before sentencing where the court had determined it could not honor the terms of the plea bargain. We reverse.
Appellant and another individual were charged in separate informations with two counts of burglary. On June 27, 1978, appellant was brought before the court for arraignment, and the judge immediately announced, "Year or less followed by probation, PSI."[1] The case was temporarily passed in order to give appellant an opportunity to discuss the offer with his attorney. Defense counsel then informed the court that pursuant to plea negotiations, appellant would change his plea of not guilty to guilty. After determining the voluntariness of the plea, the trial judge accepted the plea, stating:
Okay. I will find a sufficient factual basis for the acceptance of the plea. I will withhold adjudication, refer the matter for presentence investigation. Set sentencing for August 24. I will allow the defendant to remain free on the same bond pending completion of the presentence investigation.
The judge then added:
If he commits any crimes from this date forward or doesn't show on August 24 or doesn't go to the probation office today or tomorrow the plea negotiations are off and he's subject to the full penalty that can be imposed by the law on these two offenses.
Neither appellant nor his counsel was asked whether these conditions were acceptable, and neither expressly agreed to them.
Appellant failed to comply with the conditions imposed by the trial judge at the time of acceptance of the guilty plea, and it was not until October 10, 1978, that appellant appeared before the court for sentencing. At this hearing, defense counsel stated that unless the court still intended to *1140 impose the sentence contemplated in the plea bargain, appellant wished to withdraw his guilty plea and have the case set for trial. The trial judge denied the request and imposed two five-year prison sentences to be served concurrently.
The courts of this state have held in several cases that when a trial judge determines that he can no longer honor the terms of a plea bargain, he is required to give the defendant an opportunity to withdraw his plea. Brown v. State, 245 So.2d 41 (Fla. 1971); Pringle v. State, 341 So.2d 535 (Fla. 2d DCA 1977); Moore v. State, 339 So.2d 228 (Fla. 2d DCA 1976); Kurlin v. State, 302 So.2d 147 (Fla. 1st DCA 1974); Enos v. State, 272 So.2d 847 (Fla. 4th DCA), cert. denied, 277 So.2d 286 (Fla. 1973). See also Annot., 66 A.L.R.2d 902 (1975) and Standard 2.1, Pleas of Guilty, ABA Standards of Criminal Justice. This is particularly the case where, as here, the trial judge initiates and participates in the negotiations, Barker v. State, 259 So.2d 200 (Fla. 2d DCA 1972), and where, as here, conditions are added by the trial judge following the plea colloquy.
The state argues, however, that when the trial judge expressly conditions his acceptance and reserves the right to impose the maximum penalty if the defendant fails to abide by those conditions, he need not offer the defendant an opportunity to withdraw his plea. We cannot agree under the facts of this case. Had the conditions imposed by the court following the acceptance of the plea been part of the plea bargain, the court could have properly imposed the five-year sentences. Because they were not, the court was not at liberty to change the sentences contemplated by the bargain without first offering appellant the right to withdraw his plea.
Accordingly, the judgment and sentences are reversed and the cause remanded with directions that appellant be permitted to withdraw his plea and enter a plea of not guilty.
GRIMES, C.J., and SCHEB, J., concur.
NOTES
[1] The transcript of the subsequent hearing reveals that appellant had no prior record, had confessed, and had apparently expressed a willingness to testify against his codefendant.