429 So.2d 96 (1983)
David LaBAISSIERE, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2118.
District Court of Appeal of Florida, Second District.
April 6, 1983.
Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ann G. Paschall, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
David LaBaissiere appeals the denial of his motion to withdraw his guilty plea. We reverse.
Appellant was charged by information with burglary and grand theft. On March 26, 1982, he pled guilty to both charges pursuant to a plea bargain that he would receive no more than three years in prison. Sentencing was set for April 28.
Appellant failed to appear for sentencing on April 28, instead he went to Connecticut, whence he was extradited in May. He was finally brought before the trial court for sentencing on August 11, at which time the court refused to honor the plea agreement due to the fact that appellant had left his drug program. Appellant then moved to withdraw his guilty plea. The trial court denied the motion and sentenced appellant to concurrent terms of five years in prison.
It is the rule in Florida that when a trial judge determines that he cannot honor the terms of an earlier plea bargain, the defendant must be given the opportunity to withdraw his plea. E.g., Brown v. State, 245 So.2d 41 (Fla. 1971). When the trial judge expressly conditions his acceptance of a sentence limitation in the plea agreement upon the defendant's fulfillment of certain conditions which are expressly agreed to by the defendant at the time he enters his plea and when the defendant *97 then fails to abide by those conditions, the trial judge may refuse to honor the plea bargain and yet deny the defendant the right to withdraw his plea. Nesmith v. State, 374 So.2d 1139 (Fla. 2d DCA 1979). However, no such conditions were imposed on appellant here. Consequently, the trial court was required to allow appellant to withdraw his plea when the court concluded that it could not in good conscience honor the terms of appellant's plea bargain due to appellant's misconduct following the entry of his guilty plea. Nesmith.
Accordingly, appellant's judgment and sentences are REVERSED and the cause REMANDED with directions to permit appellant to withdraw his guilty plea and enter a plea of not guilty.
SCHEB and SCHOONOVER, JJ., concur.