429 So.2d 828 (1983)
Bernard L. GUMBINER, Appellant,
v.
STATE of Florida, Appellee.
No. 82-662.
District Court of Appeal of Florida, Second District.
April 15, 1983.
Jerry Hill, Public Defender, Bartow, and Rick Dalan, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Bernard L. Gumbiner raises two points on appeal. We do not find any merit as to point one. However, as to point two, he argues that the court below erred in sentencing him to consecutive terms of imprisonment on the charges in circuit court case numbers 81-1935 and 81-2264. We agree. Prior to the court's imposition of consecutive sentences, appellant pled no contest to the charge in case number 81-2264 based upon a bargain with the state, tentatively approved by the court, that any sentence imposed on that charge would run concurrent with any sentence imposed on a conviction in case number 81-1935. The court thereafter imposed consecutive sentences without allowing appellant the opportunity to withdraw the no contest plea.
It is settled that if a court does not honor a plea bargain, whether through mistake or subsequent change in its approval of the agreement, it must grant the defendant the opportunity to withdraw his plea. Freeman v. State, 376 So.2d 294 (Fla. 2d DCA 1979); Odom v. State, 310 So.2d 770 (Fla. 2d DCA 1975). Although the court below did not offer any explanation as to why it sentenced appellant to consecutive terms instead of concurrent terms, it appears that it did not honor the plea agreement because of the results of a presentence investigation. Nevertheless, it was still under a duty to offer him the opportunity to withdraw the plea of no contest to the charge in case number 81-2264 before imposing consecutive sentences. See Orr v. State, 402 So.2d 535 (Fla. 5th DCA 1981).
Accordingly, we vacate the consecutive sentences and remand with directions that the court either impose concurrent sentences or notify appellant of its intention to impose consecutive sentences and allow him the opportunity to withdraw his no contest plea. In all other respects we affirm.
*829 AFFIRMED in PART, REVERSED in PART, and REMANDED.
SCHEB and LEHAN, JJ., concur.