432 So.2d 201 (1983)
Walter DUNKEL, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2120.
District Court of Appeal of Florida, Second District.
May 27, 1983.
Jerry Hill, Public Defender, Bartow, and Rick Dalan, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Appellant was charged by information with burglary, to which he initially pleaded not guilty. Subsequently, appellant entered a plea of guilty pursuant to a plea bargain. Appellant changed his plea upon being advised by a trial judge that appellant could anticipate a maximum possible sentence of up to one year in the county jail.
At sentencing, however, a different trial judge sentenced appellant to confinement in the state prison for a term of four years. The apparent reason for the court's failure to impose the sentence which had been referred to at the change of plea proceeding was that appellant's prior criminal record was substantially more extensive than previously perceived. The record does not show that there had been misrepresentation by appellant or his counsel in that regard.
When the terms of an earlier plea bargain are not honored, defendant should be given the opportunity to withdraw his plea, and the trial judge has an affirmative duty to so advise the defendant. See Gumbiner v. State, 429 So.2d 828 (Fla. 2d DCA 1983); LaBaissiere v. State, 429 So.2d 96 (Fla. 2d DCA 1983); Freeman v. State, 376 So.2d 294 (Fla. 2d DCA 1979); Reynolds v. State, 339 So.2d 714, 715 (Fla. 2d DCA 1976); Odom v. State, 310 So.2d 770 (Fla. 2d DCA 1975). At sentencing appellant was not given the opportunity to withdraw his guilty plea.
*202 Accordingly, we REVERSE and REMAND for proceedings at which appellant shall have the opportunity to withdraw his guilty plea.
OTT, C.J., and BOARDMAN, J., concur.