451 So.2d 1020 (1984)
Frederick LEPPER, Appellant,
v.
STATE of Florida, Appellee.
No. AW-463.
District Court of Appeal of Florida, First District.
June 19, 1984.
*1021 William H. Maness, Jacksonville, for appellant.
Jim Smith, Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Lepper appeals from the denial of his motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850. The only issue which warrants discussion is the one regarding the trial court's failure to provide Lepper an opportunity to withdraw his nolo contendere plea. We affirm.
Pursuant to the terms of a negotiated plea, Lepper agreed to enter a nolo contendere plea to the charges of grand theft and failure to appear and the State agreed to recommend five years probation, with the special condition that Lepper serve 364 days, and make restitution for grand theft, to recommend a consecutive five year probationary term for failure to appear, and to nolle prosse all known cases against Lepper in that circuit in exchange for restitution in those cases. Lepper's nolo plea was accepted by the trial court. Lepper ultimately received a five year sentence for grand theft and a concurrent five year sentence for failure to appear and was required to make restitution.
Although the record does not contain a transcript, if any, of the plea hearing, there is no suggestion the trial court promised Lepper the sentence recommended by the State, or any other sentence, or that the trial court was a party to the plea negotiations. To the contrary, Lepper asserted in his 3.850 motion that when he entered his plea the trial judge said he wanted a P.S.I. prior to sentencing and said he would not be bound by the plea agreement. This indicates the trial court did not or might not concur in the sentence recommended by the State in the plea agreement. Lepper's signed petition to enter a nolo plea contains the following statement: "I recognize that if I have been told by my lawyer that I might receive probation or a light sentence this is merely his prediction and is not binding on the Court." Additionally, there is no assertion that the trial court refused a request by Lepper to withdraw his plea or that such a request was ever made.
Under these circumstances, the trial court was under no duty to provide Lepper a clear opportunity to withdraw his plea at sentencing. The instant situation is clearly distinguishable from a situation, such as that in State ex rel. Wilhoit v. Wells, 356 So.2d 817 (Fla. 1st DCA), cert. denied, 359 So.2d 1222 (Fla. 1978), where the defendant tendered a plea in reliance on the trial court's expression of sentencing intentions. A defendant cannot withdraw a voluntary nolo plea solely because the sentence does not conform to what his attorney led him to expect. See Morgan v. State, 414 So.2d 593 (Fla. 3d DCA 1982).
AFFIRMED.
WIGGINTON, J., concurs.
ERVIN, C.J., dissents.
ERVIN, Chief Judge, dissenting.
In appellant's former appeal from the judgment and sentence, now sought to be vacated, we per curiam affirmed Lepper's conviction without prejudice to his right to seek relief pursuant to Florida Rule Criminal Procedure 3.850. Lepper v. State, 431 So.2d 295 (Fla. 1st DCA 1983). Having reviewed the record in the former appeal, which we are permitted to notice judicially, I find that although our opinion gave no reasons for its decision, the judgment and sentence were affirmed because Lepper had entered a plea of nolo contendere without reserving his right to appeal any dispositive issue, thereby waiving a general review of the plea. Following the directions in our earlier opinion, he attacked *1022 the sentence imposed, alleging in his motion to vacate sentence that he was not given the opportunity to withdraw his plea of nolo contendere. This allegation is unrefuted by the transcript of the sentencing proceeding.
It is true, as stated by the majority, that there is also nothing in the record revealing that Lepper ever made a request to withdraw his plea; nevertheless my understanding of Florida Rules of Criminal Procedure 3.171(d) and 3.172(g) is that they place first an affirmative duty on the trial judge to offer the defendant the opportunity to withdraw his plea. It is not enough for the trial court to represent, as in the present case, that it may not be bound by the plea agreement. The duty abides with the trial judge to extend the offer to the defendant to withdraw, otherwise it cannot be said that the plea was voluntarily obtained. This, I think, is the principle of law which State ex rel. Wilhoit v. Wells, 356 So.2d 817 (Fla. 1st DCA 1978), cert. denied, 359 So.2d 1222 (Fla. 1978), espouses. There the trial judge, as here, advised the defendant that he would not be bound by the plea bargain agreement, but, unlike the judge in the case below, he specifically advised defendant that he would allow him later, if his concurrence became impossible, the option of withdrawing the plea. Such an eventuality took place and the court in fact vacated the plea and set the case for trial. Wilhoit, among other things, sought specific performance of the plea bargain agreement, which was disallowed at both the trial and appellate levels. We concluded, in answer to Wilhoit's arguments:
Where as here a nolo contendere or guilty plea is tendered in reliance on the court's expression of sentencing intentions, and the plea is accepted, the sentencing judge must grant the defendant a clear opportunity to withdraw the plea if the judge cannot in conscience impose the sentence indicated; but that is the limit of the trial court's obligation. Davis v. State, 308 So.2d 27 (Fla. 1975); State v. Adams, 342 So.2d 818 (Fla. 1977). See also ABA Standards, Pleas of Guilty § 3.3(b) (1968):
[The trial judge] may ... indicate to the prosecuting attorney and defense counsel whether he will concur in the proposed disposition if the information in the presentence report is consistent with the representations made to him. If the trial judge concurs, but later decides that the final disposition should not include the charge or sentence concessions contemplated by the plea agreement, he shall so advise the defendant and then call upon the defendant to either affirm or withdraw his plea of guilty or nolo contendere.
356 So.2d at 824.
Thus, Wilhoit recognizes that regardless of whether a trial judge disavows any intention to be bound by a plea agreement, he must nevertheless grant the defendant a clear opportunity to withdraw his plea if the judge determines he cannot later accept the recommended disposition. This rule has been repeated in numerous cases. See, e.g., Coleman v. State, 433 So.2d 627 (Fla. 2d DCA 1983); Dunkel v. State, 432 So.2d 201 (Fla. 2d DCA 1983); Gumbiner v. State, 429 So.2d 828 (Fla. 2d DCA 1983); Nichols v. State, 403 So.2d 1089 (Fla. 1st DCA 1981); Freeman v. State, 376 So.2d 294 (Fla. 2nd DCA 1979); Coy v. State, 404 So.2d 135 (Fla. 4th DCA 1981).
I would, accordingly, reverse the conviction and remand appellant's case with directions that he be given an opportunity to withdraw his plea of nolo contendere, if he desires, and enter a plea of not guilty to the offense charged.