RYDER, Chief Judge.
Christine Jackson appeals a trial court order which denied her motion to withdraw her guilty plea. We affirm.
The state charged appellant with grand theft. The appellant initially negotiated that she would plead guilty in exchange for probation and a fine. The court stated that it would decide whether to withhold adjudication after reviewing a presentenee investigation report. While under oath, appellant represented to the court the fact that she had never been previously convicted of a felony or a misdemeanor. The court explained to appellant that if her criminal record was not as she had assured the court, the court would not be bound by its promise to limit the sentence and, further, that she would not be allowed to withdraw her plea. Appellant agreed to this condition. After determining that appellant entered her plea voluntarily and with full knowledge of the consequences, the court accepted it.
The presentence investigation report subsequently revealed that appellant had a substantial prior record of both felony and misdemeanor convictions. The recommended sentence under the guidelines was six years imprisonment.
At sentencing, appellant stated that she had no additions or corrections to the pre-sentence investigation report. Defense counsel then moved to withdraw the plea if the court was not going to abide by the plea agreement. The court denied the motion, adjudicated appellant guilty of grand theft, and sentenced her to five years imprisonment.
Appellant correctly argues that when a trial court determines that it cannot honor the terms of a plea agreement, the court must allow the defendant the opportunity to withdraw his plea. Davis v. State, 308 So.2d 27, 29 (Fla.1975). However, the question in this case is whether the conditions which the court set and to which appellant agreed were a part of the plea agreement. We hold that they were part of the plea agreement, therefore, the court did not err in refusing to allow appellant to withdraw her plea.
in Coleman v. State, 433 So.2d 627, 628 (Fla. 2d DCA 1983), this court suggested that a trial court would not have to allow a defendant to withdraw a plea if the court states, before it accepts the plea, that any misrepresentations subsequently revealed would release the court from honoring the negotiated sentence. See also Ben v. State, 440 So.2d 501, 502 (Fla. 2d DCA 1983). Additionally, this court has also stated that in order for a court to refuse a request to withdraw a plea after the defendant violated certain conditions, the defendant must have expressly agreed to the conditions imposed by the court as part of the plea bargain. LaBaissiere v. State, 429 So.2d 96 (Fla. 2d DCA 1983); Nesmith v. State, 374 So.2d 1139, 1140 (Fla. 2d DCA 1979). In all of these eases, this court reversed and remanded to allow plea withdrawals because the trial judges had not *92 expressly imposed the conditions as part of the plea bargain.
The case before us is factually distinguishable from Coleman, Ben, LaBaissi-ere and Nesmith. Before accepting appellant’s plea, the trial court clearly stated that it would not limit her sentence and would not allow her to withdraw her plea if her criminal record was not as she had represented. Appellant expressly agreed to this condition.
Because the negotiated sentence was expressly conditioned upon a finding of no prior convictions, and appellant agreed to the condition that her plea could not be withdrawn and the sentence would not be limited if this were not true, the conditions were part of the plea agreement for which appellant bargained. Under these facts, the trial court did not err in denying appellant’s motion to withdraw her guilty plea.
Affirmed.
FRANK and SANDERLIN, JJ., concur.