489 So.2d 1215 (1986)
Rayfield MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1803.
District Court of Appeal of Florida, Second District.
June 11, 1986.
James Marion Moorman, Public Defender, and Joseph Eugene Perrin, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Theda R. James, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant challenges the imposition of his five-year sentence for grand theft as a deviation from the terms of an approved plea bargain without first having been given an opportunity to withdraw the plea.
At the outset of the plea hearing, the court made clear the terms of the plea bargain. Appellant would plead nolo contendere in exchange for six months' probation and a fine of $500. Appellant pled nolo contendere and the court determined the plea to be freely and voluntarily entered. The court then concluded with the following statements:
I accept your plea, adjudicate you guilty of the offense, and will defer sentencing until the 12th of September at 2:00 p.m., and you are to return here at 2:00 p.m. on the 12th of September. If you don't return, then I will not be bound by my promise to limit the sentence, and can sentence you to the maximum time, which is five years in prison.
*1216 Appellant responded that he would be present for sentencing.
Appellant did not appear for sentencing on September 12, 1983. Appellant was arrested almost two years later and then came before the court for sentencing. A different attorney represented him at sentencing. Appellant did not elect to be sentenced under the guidelines, and the court imposed the maximum sentence authorized by statute.
This court reviewed a similar plea colloquy in Nesmith v. State, 374 So.2d 1139 (Fla. 2d DCA 1979), in which the trial judge added conditions after accepting a plea bargain. One of the new conditions was that the defendant would appear for sentencing on a particular date. Neither the defendant nor his attorney consented to the additional conditions. We held that the conditions imposed following the acceptance of the plea were not a part of the plea bargain.
Although appellant did not move to withdraw his plea, the court could not dishonor the terms of a previously approved plea bargain without affording him an opportunity to withdraw the plea. Dunkel v. State, 432 So.2d 201 (Fla. 2d DCA 1983); Freeman v. State, 376 So.2d 294 (Fla. 2d DCA 1979). The court has an affirmative duty to inform the defendant of that right. Dunkel; Reynolds v. State, 339 So.2d 714 (Fla. 2d DCA 1976); Kiefer v. State, 295 So.2d 688 (Fla. 2d DCA 1974). Although the court was not bound to follow the terms of the plea bargain, Moore v. State, 339 So.2d 228 (Fla. 2d DCA 1976), it erred in failing to give appellant the opportunity to withdraw his plea once it decided not to impose sentence in accordance with the bargain.
We remand for proceedings at which appellant shall have the opportunity to withdraw his plea of nolo contendere and enter a plea of not guilty. If appellant does not move to withdraw his plea, the judgment and sentence shall stand.
LEHAN and SANDERLIN, JJ., concur.