LEHAN, Judge.
Defendant appeals from his convictions for possession and delivery of cocaine and grand theft.
Citing Nesmith v. State, 374 So.2d 1139 (Fla. 2d DCA 1979), defendant argues that the trial court erred in failing to allow him to withdraw his guilty plea because his sentence was in excess of the sentence which was a part of his plea bargain. We disagree. Here, in contrast to Nesmith, it appears that a condition of the plea bargain to which defendant agreed was that he would appear at sentencing, which he did not do. See LaBaissiere v. State, 429 So.2d 96 (Fla. 2d DCA 1983).
Defendant also argues that while the trial court orally stated that defendant was to receive five years imprisonment on the grand theft charge, which is the legal maximum, the written sentence reflects a ten year sentence and that differing credits for time served were given in connection with concurrent sentences for the two offenses, citing Martin v. State, 452 So.2d 938 (Fla. 2d DCA 1984). The state concedes that at least clarification in those respects is appropriate. We agree with the state. We reverse and remand for the written sentence to be conformed to the oral pronouncement and to reflect the proper credit for time served on both concurrent sentences. See Yohn v. State, 461 So.2d 263 (Fla. 2d DCA 1984).
*1032 Affirmed in part, reversed in part and remanded for proceedings consistent herewith.
SCHEB, A.C.J., and HALL, J., concur.