BOYD, Justice,
dissenting.
Because I find that the decision of the district court of appeal expressly and directly conflicts with the cases of Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984), Moore v. State, 339 So.2d 228 (Fla. 2d DCA 1976), and other cases, I would grant review in this case. Because I find that the trial court imposed an illegal sentence, I would quash the decision of the district court and remand for re-sentencing in accordance with law.
The record shows that petitioner entered pleas of guilty to twelve counts of grand theft, two counts of obtaining property by issuing worthless checks, two counts of dealing in stolen property, and one count of unlawful disposition of liened property. There are substantial indications in the record that, at the time of the entry of guilty pleas to the sixteen felonies and one misdemeanor, petitioner was under psychological strain from financial reversals in his business and felt severe pressure from personal problems and the threat of a long prison term if convicted. The pleas of guilty to the charges, all of which, the record shows, were based on incidents of issuing worthless checks or selling property in petitioner’s possession, were given in connection with an agreement arranged with the state attorney and approved by the trial court. The pleas were entered in court on October 28, 1983, subject to the agreement as follows. Sentencing was set for January 3, 1984. If petitioner made restitution to those harmed by his actions, in the total amount of $33,601.20, by the day of sentencing, he was to receive probation with a required condition of one year in county jail, with a judicial recommendation of eligibility for work release after five months. If petitioner failed to make restitution of $33,601.20 by the sentencing date, *139 he was to be sentenced to three years in prison on each of the felonies and one year on the misdemeanor, all to be served concurrently. The agreement also contained the additional proviso that if petitioner failed to appear on the sentencing date, he was to receive consecutive three-year sentences on the sixteen felonies and a consecutive one-year sentence on the misdemean- or.
Petitioner failed to appear at the scheduled sentencing. He was later arrested and at the subsequent sentencing the court imposed consecutive sentences on all counts as indicated above for a total of forty-nine years imprisonment. At sentencing petitioner stated to the court that he had been unable to raise the money to make restitution by January 2, 1984 and that, faced with the prospect of being sentenced to prison for three years, and overwhelmed by the impact this would have on his wife and three children, he “couldn’t handle it” and, paralyzed by fear, he did not attend the hearing.
On appeal the district court, finding the sentences legal and noting that they had been imposed in keeping with a plea agreement, affirmed the sentences.
It is clear that the decision to make the seventeen sentences consecutive was made purely on the ground that petitioner failed to appear at his sentencing hearing. Failure of a person released on bond pending sentencing to appear in court as required in a criminal case is itself a criminal offense. § 843.15, Fla.Stat. (1983). When this offense is committed in connection with a pending felony charge, the failure to appear constitutes a felony of the third degree and is punishable by up to five years in prison. § 843.15(l)(a), § 775.082(3)(d), Fla.Stat. (1983). Failure to appear at a single scheduled hearing constitutes a single violation of section 843.15 regardless of the number of cases set for sentencing. McGee v. State, 438 So.2d 127 (Fla. 1st DCA 1983); Miles v. State, 418 So.2d 1070 (Fla. 5th DCA 1982). Thus petitioner’s conduct in failing to appear was punishable by a maximum of five years imprisonment.
The plea agreement provided that if petitioner attended his sentencing as required he would receive concurrent sentences so that he would in effect have a three-year sentence, but that if he failed to appear the sentences would be consecutive resulting in a 49-year sentence. The 46-year difference was based on nothing else but the possibility of failure to appear.
The parties to a criminal case cannot by agreement confer on the court the authority to impose an illegal sentence. This proposition logically flows by implication from the many cases holding that a defendant may appeal an illegal sentence even when imposed pursuant to a valid and voluntary plea. See, e.g., Robbins v. State, 413 So.2d 840 (Fla. 3d DCA 1982); Prunty v. State, 360 So.2d 147 (Fla. 1st DCA 1978); Smith v. State, 358 So.2d 1164 (Fla. 2d DCA 1978). Even though clearly contemplated by the plea agreement, the order for consecutive sentences is an illegal sentence because it punishes by forty-six years imprisonment conduct for which the legislature prescribes a maximum of five years imprisonment.
Petitioner’s sentences are illegal for another reason also, one that upon analysis reveals more clearly the poor judgment on the part of all the parties to the plea agreement and the abuse of judicial discretion in approving it. The pleas of guilty were entered in late October, 1983. Sentencing was set for early January, 1984. The determination of whether the defendant was to serve a year or less in county jail on the one hand, or a term of years in state prison on the other, was made contingent upon whether he made restitution in full by the date set for sentencing. The record shows that the claims for restitution amounted to $33,601.20. There was no inquiry, at the time of approval of the plea agreement, into the extent of the defendant’s assets, income, other financial resources, economic prospects, or general ability to raise the money necessary to make the required restitution within the required time. Moreover, when the court was inquiring into the factual bases for and voluntary nature of the pleas of guilty, it was revealed that *140 defendant had recently been under medical treatment for psychological problems but the court made nothing more than a superficial inquiry into the matter. The record shows what the parties should have known — that the plea agreement was seriously flawed in concept from the start.
In Moore v. State, 339 So.2d 228 (Fla. 2d DCA 1976), the court held that when a plea is accepted and sentencing is deferred pending consideration or evaluation of future conduct, with the sentence to be based in part on such future conduct, the appropriate procedure is to put the defendant on probation with conditions so that if a condition is violated, the probation can be revoked upon proof of such violation. The court there disapproved of the procedure whereby the trial court deferred sentencing to evaluate future behavior, saying that such procedure was beyond the authority of the trial court.
The district court of appeal in the present case based its affirmance on the ground that the sentences were legal and were contemplated by the plea agreement. The sentences were legal in the sense that they di not exceed the maximum permissible sentence on each of the several crimes. However, because the record shows that the total sentence exceeding three years was imposed solely because of defendant’s commission of the separate offense of failure to appear rather than the offenses for which he was being sentenced, I conclude that the sentences totalling forty-nine years are partly valid and partly invalid. The invalid features of the total sentences are subject to appellate review. See, e.g., Harden v. State, 428 So.2d 316 (Fla. 4th DCA 1983); Pahud v. State, 370 So.2d 66 (Fla. 4th DCA 1979).
While the decision of the trial court on whether to allow multiple sentences to be served concurrently is generally a discretionary matter, such an exercise of discretion is subject to review if it constitutes an abuse of discretion. A requirement of consecutive service of multiple sentences results in a harsher total sentence than when the sentences are permitted to be served concurrently. See, e.g., State v. Williams, 397 So.2d 663 (Fla.1981). The exercise of discretion on this question should not be unfettered and thus should not be approved unless based on valid grounds.
Section 775.089, Florida Statutes (1983), concerns restitution in sentencing and provides as follows:
(1) In addition to any punishment, the court may order the defendant to make restitution to the aggrieved party for damage or loss caused by the defendant’s offense, if the defendant is able or will be able to make such restitution. Restitution may be monetary or nonmon-etary restitution. The court may make the payment of restitution a condition to probation in accordance with s. 948.03.
(2) In determining the amount and method of payment of restitution, the court shall consider the financial resources of the defendant and the burden the payment of restitution will impose on the defendant.
(3) Any defendant ordered to make restitution may petition the court which ordered him to make such restitution for remission from any payment of restitution or from any unpaid portion thereof. If the court finds that the payment of restitution due will impose an undue hardship on the defendant or his family, the court may grant remission from any payment of restitution or modify the method of payment.
(4) When a corporation or unincorporated association is ordered to make restitution, the person authorized to make disbursements from the assets of such corporation or association shall pay restitution from such assets, and such person may be held in contempt for failure to make such restitution.
(5) If a defendant who is required to make restitution defaults in any payment of restitution or installment thereof, the court may hold him in contempt unless such defendant has made a good faith effort to make restitution. If the defendant has made a good faith effort to make restitution, the court may, upon motion of the defendant, modify the order requiring restitution by:
(a) Providing for additional time to make any payment in restitution.
*141 (b) Reducing the amount of any payment in restitution or installment thereof.
(c) Granting a remission from any payment of restitution or part thereof.
(6) Any default in payment of restitution may be collected by any means authorized by law for enforcement of a judgment.
(7) The court may order the clerk of the court to collect and dispense restitution payments in any case.
The fact that the restitution requirement was part of a plea bargain to which the defendant agreed did not, in my view, relieve the court of the obligation of imposing the requirement in accordance with the governing statutory law. But the record shows no inquiry into the defendant’s ability to make restitution; no consideration of his financial resources or the burden imposed on him or his family by the restitution requirement; no inquiry into whether defendant had made an effort at restitution or had made partial restitution; no show-cause order instituting contempt proceedings for failure to make restitution as required; no inquiry, during the period when defendant was to make restitution, into his progress or lack thereof nor into whether the restitution requirement needed to be modified. In short, the court’s approval of the plea agreement and subsequent handling of the matter were in total disregard of the applicable statute on restitution in criminal cases. This in my view violated due process and renders the original imposition of a restitution requirement void ab initio.
The failure to order the restitution requirement in the fashion mandated by statute is especially significant in light of the strong indicators in the record that the defendant was suffering from significant psychological and emotional strain, was pleading guilty under the pressure of unusual circumstances, and accepted the agreement without true reflection on its implications. The original plea agreement itself was an error of judgment not only on the part of the defendant and defense counsel, but also on the part of the state attorney and the court. The legal, social, emotional, and logical problems that should have been perceived at the time of the plea eventually manifested themselves.
I note that in entering his pleas pursuant to the agreement, petitioner in effect waived guidelines sentencing and thus this is not a guidelines case. The adoption of the sentencing guidelines concept by the Florida legislature, however, demonstrates a policy in favor of consistency and rationality in the discretionary matter of sentencing. The simple fact that a sentence is within the maximum range allowed by statute is no longer enough to make it unre-viewable. Moreover, the legislative policy regarding appellate review in the area of guidelines sentencing demonstrates an intent to make the appellate courts of Florida the guardians of consistency and rationality in sentencing. Therefore, I believe that an abuse of discretion in sentencing should be subject to appellate review regardless of whether the guidelines are directly involved.
State attorneys and their assistants are quite understandably concerned about the interests of crime victims including their pecuniary interests. However, there should be limits on the manner in which prosecutors may use the threat of harsh treatment, or the promise of lenient treatment, to compel restitution in settlement of financial claims of crime victims. As has been demonstrated by the foregoing discussion, a restitution requirement without safeguards may be unrealistic, illogical, unfair and oppressive with the kind of unfortunate results seen in this case.
I would quash the decision of the district court of appeal and remand with directions either (1) to sentence petitioner under the guidelines or (2) to allow him to withdraw his pleas of guilty.
BARKETT, J., concurs.