502 So.2d 982 (1987)
Joseph PUMPHREY, Appellant,
v.
STATE of Florida, Appellee.
No. BL-403.
District Court of Appeal of Florida, First District.
February 13, 1987.
*983 Michael E. Allen, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Maria Ines Suber, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant Joseph Pumphrey appeals from final judgment and sentence entered in excess of a plea agreement. The issue for our review is whether appellant's motion to withdraw a plea of nolo contendere should have been granted. We reverse.
Following plea negotiations on multiple charges of grand theft and forgery, appellant entered pleas of nolo contendere in three cases, and the state agreed to file a nolle prosequi in a fourth case. In addition, the state agreed to a cap of five years on the sentence. The trial court was advised concerning the plea negotiations and the agreed-upon sentence. After the appropriate instructions and inquiry, the trial court accepted the plea, finding it had been entered freely, voluntarily, and knowingly. The trial court then requested a presentence investigation report, and set sentencing following receipt of the report. At that point, defense counsel stated that appellant requested a 24-hour furlough to attend to pressing family needs. The court granted appellant's ore tenus motion for furlough, and advised appellant that he had to report back to the jail by 6:00 p.m. the following night. Appellant responded, "Yes, sir." The court further advised, "If you don't come back, that will be an additional offense and this plea negotiation is out the window."
Appellant failed to return in a timely manner from the furlough, and was charged with escape. When appellant appeared for sentencing, defense counsel requested that sentence should be in accordance with the plea agreement. The trial court responded that he had advised appellant if he failed to return within the allotted 24-hour time period, the court would not be limited by the plea agreement. In light of the court's expressed intention, defense counsel requested permission to withdraw the previously entered plea, pointing out that appellant had been charged with escape for failure to return timely. The trial court then adjudicated appellant guilty of the charges, and sentenced him to concurrent 5-year terms in two cases, and a consecutive 5-year sentence as to the third case.
Before accepting a guilty or nolo contendere plea, the trial judge must determine, among other things, that the defendant understands 
The complete terms of any plea agreement, including specifically all obligations the defendant will incur as a result.
Fla.R.Crim.P. 3.172(c)(vii).
The cases are clear that no additional conditions may be imposed after the trial judge accepts the plea bargain and the defendant's plea. Moore v. State, 489 So.2d 1215 (Fla. 2d DCA 1986); LaBaissiere v. State, 429 So.2d 96 (Fla. 2d DCA 1983); Nesmith v. State, 374 So.2d 1139 (Fla. 2d DCA 1979).
This case is very similar, factually, to Moore, supra. In Moore,
the court made clear the terms of the plea bargain. Appellant would plead nolo contendere in exchange for six months' probation and a fine of $500. Appellant pled nolo contendere and the Court determined the plea to be freely and voluntarily entered. The court then concluded with the following statements:
I accept your plea, adjudicate you guilty of the offense, and will defer sentencing until the 12th of September at 2:00 p.m., and you are to return here at 2:00 p.m. on the 12th of September. If you don't return, then I will not be bound by my promise to limit the sentence, and can sentence you to the maximum time, which is five years in prison. 489 So.2d 1215.
Moore did not appear for sentencing on September 12, 1983, and was arrested nearly two years later. The trial court then imposed the maximum statutory sentence. The District Court reversed, finding that neither Moore nor his attorney consented to the conditions added after the trial judge *984 accepted the plea bargain. The court held: "Although the court was not bound to follow the terms of the plea bargain, Moore v. State, 339 So.2d 228 (Fla. 2d DCA 1976), it erred in failing to give appellant the opportunity to withdraw his plea once it decided not to impose sentence in accordance with the bargain." 489 So.2d at 1216. Accordingly, the court remanded with directions that appellant should be afforded the opportunity to withdraw his plea of nolo contendere.
Similarly, in LaBaissiere, appellant pled guilty pursuant to a plea bargain that he would receive no more than three years in prison. He did not appear for sentencing, and was later extradited from Connecticut. At sentencing, the trial court refused to honor the plea agreement because appellant had left his drug program. Appellant moved to withdraw his guilty plea. The motion was denied, and appellant was sentenced to 5 years. The court reversed, saying:
It is the rule in Florida that when a trial judge determines that he cannot honor the terms of an earlier plea bargain, the defendant must be given the opportunity to withdraw his plea. E.g., Brown v. State, 245 So.2d 41 (Fla. 1971). When the trial judge expressly conditions his acceptance of a sentence limitation in the plea agreement upon the defendant's fulfillment of certain conditions which are expressly agreed to by the defendant at the time he enters his plea and when the defendant then fails to abide by those conditions, the trial judge may refuse to honor the plea bargain and yet deny the defendant the right to withdraw his plea. Nesmith v. State, 374 So.2d 1139 (Fla. 2d DCA 1979). However, no such conditions were imposed on appellant here. Consequently, the trial court was required to allow appellant to withdraw his plea when the court concluded that it could not in good conscience honor the terms of appellant's plea bargain due to appellant's misconduct following the entry of his guilty plea. Nesmith.

LaBaissiere v. State, 429 So.2d at 96-97.
In the instant case, as in Moore and LaBaissiere, the trial court accepted the plea bargain. Then, after granting appellant's ore tenus motion for a 24-hour furlough, the trial court added that the plea negotiation was "out the window" if appellant did not return. Neither appellant nor his trial counsel said anything. We interpret the statement by the judge to mean that he reserved the authority to refuse the agreement if appellant did not return from the furlough. There was nothing in the situation that would permit the trial court to accept the plea of nolo contendere but refuse to honor the cap of five years on the sentence. It is well settled that when the trial court determines it is unable to comply with the terms of a plea bargain, it must afford the defendant an opportunity to withdraw the plea. Moore, supra; LaBaissiere, supra; Coleman v. State, 433 So.2d 627 (Fla. 2d DCA 1983); Dunkel v. State, 432 So.2d 201 (Fla. 2d DCA 1983); Gumbiner v. State, 429 So.2d 828 (Fla.2d DCA 1983). See also Stanley v. State, 501 So.2d 90 (Fla. 1st DCA 1987).
Therefore, we reverse and remand with directions to the trial court to conform the sentence to the terms of the plea agreement, or to grant appellant's motion to withdraw his plea.
SMITH and BARFIELD, JJ., concur.