THOMPSON, Judge.
Conner appeals a final judgment adjudicating him guilty of dealing in stolen property. He contends the trial judge erred by not offering him a chance to withdraw his plea of guilty when the trial judge added a 15-year probationary term to the sentence agreed upon in a plea agreement. We agree and reverse.
Conner was charged by separate infor-mations with dealing in stolen property (Case No. 87-4714), battery on a law enforcement officer, criminal mischief and petit theft (Case No. 87-4288), and sale of cocaine and possession of paraphernalia (Case No. 88-1525). On August 26, 1988 his attorney asked the court what sentence Conner would receive if he could reach a plea agreement. During the dialogue Conner’s attorney explained that Conner would enter a plea to the stolen property charge in Case No. 87-4714 and to the misdemeanors in Case No. 87-4288; however, Conner denied that he was involved in the sale of cocaine as charged in Case No. 88-1525. The trial judge asked Conner how many crimes he had been convicted of, and Conner replied that he had only one conviction for armed robbery. Based on this representation, which was incorrect, the trial judge advised that the sentence would be a five year guidelines sentence if the sale of cocaine charge was nolle prossed and Conner pleaded guilty to the possession of paraphernalia, dealing in stolen property, battery, criminal mischief and petit theft charges. The prosecutor and the defense counsel accordingly reached a plea agreement as discussed.
At the sentencing hearing the presen-tence investigation revealed that Conner had a number of other convictions and had lied to the court when he said he had only one prior felony conviction. Based on Conner’s prior guilty plea, the court adjudi *162 cated him guilty, imposed a five year sentence on the battery on a law enforcement officer charge, concurrent sentences on the misdemeanors, and 15 years of probation for dealing in stolen property to run consecutive to-the prison sentence.
Conner contends that under the plea agreement negotiated he would receive a sentence of not more than five years incarceration and that he is entitled to have all judgments and sentences vacated because the judge did not offer him a chance to withdraw from the plea agreement. We agree. The record shows that the trial judge did not clearly afford Conner an opportunity to withdraw his plea at any time, nor did he inform him of his right to withdraw the plea. Granted, defense counsel should have voiced an objection or moved to have the plea withdrawn, but nevertheless the fact remains that Conner was entitled to be advised of his right to withdraw the plea when the negotiated penalty is increased, and to withdraw his plea if he so chose. Orleman v. State, 527 So.2d 303 (Fla. 2d DCA 1988); Moore v. State, 489 So.2d 1215 (Fla. 2d DCA 1986); Moore v. State, 339 So.2d 228 (Fla. 2d DCA 1976).
The sentences imposed are vacated and this cause is reversed and remanded for further proceedings consistent with this opinion.
SMITH and MINER, JJ., concur.