RYDER, Acting Chief Judge.
Reginald Sanders challenges the trial court’s failure to comply with a plea agreement regarding his sentence. We reverse.
Sanders entered into a negotiated agreement wherein he would plead guilty to all counts with which he was charged in two separate cases in exchange for a sentence of six years in the state prison. The agreement also indicated that the state would seek to have Sanders sentenced as a habitual offender, apparently for the purpose of eliminating the gain time he would receive *540 in prison. A condition of the plea agreement was that Sanders appear for his pre-sentence investigation interview and sentencing.
Sanders remained in custody following the entry of his guilty plea. At Sanders’ sentencing hearing, a corrections officer with the Polk County Sheriffs Office was called as a witness. The officer testified that while Sanders was in custody, the officer received information that someone was at the jail to see Sanders. The officer told Sanders that his “attorney” was at the jail to see him. Sanders gave the officer a negative response, thus, the officer testified he informed the “attorney” that Sanders was not coming out. The officer testified that he merely assumed that the person who wished to see Sanders was an attorney. In fact, as matters turned out, that person was the investigator who was there to conduct a presentence interview with Sanders. His true identity was never disclosed to the corrections officer or to Sanders.
The trial judge held that Sanders intentionally violated the condition in his plea agreement by not participating in the pre-sentence investigation interview. The trial judge stated that Sanders knew a presen-tence investigation was going to be held and that he should have checked to see if the person waiting was there to conduct the interview. Sanders stated that he did not go down to see the person whom he was led to believe was his attorney because he was not feeling well that day. There was no evidence contradicting the testimony of the corrections officer or that of Sanders in that each believed the visitor to be Sanders’ attorney.
At the conclusion of the hearing and upon finding that Sanders had intentionally violated his plea condition, the trial court disregarded the negotiated agreement and sentenced Sanders as a habitual offender to ten years’ state prison to run concurrent on each of the felony counts, and time served on a misdemeanor count. The trial court did not allow Sanders an opportunity to withdraw his plea of guilty.
If Sanders’ actions constitute a violation of his plea condition, then he is not entitled to an opportunity to withdraw his plea. If, on the other hand, his actions were held not to constitute a violation, Sanders must be afforded an opportunity to withdraw his plea. Jackson v. State, 483 So.2d 90 (Fla. 2d DCA), review denied, 491 So.2d 279 (Fla.1986); LaBaissiere v. State, 429 So.2d 96 (Fla. 2d DCA 1983). Because there is no record evidence that Sanders’ actions were intentional (quite to the contrary), we hold that the trial court erred in finding that Sanders violated his plea bargain condition and, thus, we further hold that he should be allowed an opportunity to withdraw his plea. Accordingly, the case is reversed and remanded to allow Sanders an opportunity to withdraw his plea and for further proceedings consistent herewith.
Reversed and remanded with instructions.
HALL and ALTENBERND, JJ., concur.