581 So.2d 199 (1991)
Roger FAMBRO, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1871.
District Court of Appeal of Florida, Fourth District.
May 29, 1991.
Rehearing Denied June 27, 1991.
Richard L. Jorandby, Public Defender, and Barbara A. White, Asst. Public Defender, West Palm Beach, for appellant.
*200 Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Roger Fambro appeals from the trial court's denial of his motion to withdraw his guilty pleas. We affirm.
The state charged appellant in two separate informations with two counts of selling cocaine. Appellant originally pled not guilty to both counts. Subsequently, he entered into a plea agreement with the state whereby, in exchange for guilty pleas, the state would recommend concurrent nine year sentences. At the change of plea hearing the trial court concluded that appellant had knowingly and voluntarily changed his pleas. Prior to formal acceptance of the pleas, appellant's counsel requested that appellant be considered for a one week furlough. The court responded:
THE COURT: Okay. Do you understand, Mr. Fambro, if  I am not bound by this and I may or may not allow that request?
THE DEFENDANT: Yes, sir.
THE COURT: Okay. You still want to enter the plea?
THE DEFENDANT: Yes.
THE COURT: I will accept the plea, Mr. Fambro, because I find the same to be a voluntary plea and an intelligent waiver of your rights. I will adjudicate you to be guilty. Now, sir, please tell me why you need a week on the street.
Appellant then presented his reasons to the court and thereafter the following colloquy occurred:
THE COURT: All right. Well, let me say this: If I were to allow you a week out on the street, Mr. Fambro, I would make it a part of this plea agreement that if you do not show 
THE DEFENDANT: You can double my sentence.
THE COURT: I don't know if I can double it.
[THE PROSECUTOR]: Judge, he qualifies as a habitual offender even though I have not filed Notice of Intent to habitualize yet. I certainly can do so; would do so.
THE COURT: I would 
[THE PROSECUTOR]: That was the alternative  incentive to plea. I made it clear to Defense counsel that it was my intent to habitualize Mr. Fambro should we go to trial.
THE COURT: If we withhold sentence and I make it a condition of his appearance be back here one week from today, should he not appear that the State should, would have the opportunity to file a Notice of Intent to Habitualize, can I make that a condition?

[THE PROSECUTOR]: So long as that's clearly understood on the plea agreement.

THE COURT: If he is habitualized, what could I do?
[THE PROSECUTOR]: Give him thirty years on each case, run consecutive for sixty.
THE COURT: Mr. Fambro, If  do you want  do you wish to accept the following conditions, it's up to you.
THE DEFENDANT: Yes, sir.
THE COURT: If I let you out on the street and order you to be back here at 8:45 next Friday morning, that is the 20th of April, should you fail to appear, then the State would have the right to file a Notice of Intent to Habitualize you; you understand what that means?

THE DEFENDANT: I understand.

THE COURT: That if they present to this Court sufficient evidence that they are required to present, then this Court would habitualize you and would then sentence you to thirty years in each case to run consecutively if you fail to appear.

THE DEFENDANT: I understand, Your Honor, sir.

THE COURT: You want to take that chance?
THE DEFENDANT: Yes, sir.
THE COURT: You sure?
THE DEFENDANT: I am positive.

*201 THE COURT: No question? If you fail to appear you are going to end up with sixty years instead of nine.
THE DEFENDANT: I understand, Your Honor.
THE COURT: You want it; good enough. Wait, wait. I have adjudicated you guilty and I will defer sentencing for one week from today at 8:45 in the morning. And, I am writing down right now on the Plea Sheet other terms and conditions: If no show, State can habitualize ... .
[THE PROSECUTOR]: Judge, one other thing I would like to put on the record 
THE COURT: If no show, State can habitualize and sentence to be thirty years on each case consecutive. You have one week on the street.
[THE PROSECUTOR]: One more condition I would appreciate the Court putting on, that in the event he committed a new crime between now and then, that would also violate the terms of the plea, would allow the State to see [sic] habitualization.
THE COURT: That's fine with me. You understand if, between now and next Friday, you commit another crime 
THE DEFENDANT: Yes.
THE COURT:  then you get habitualized, you get another thirty?
THE DEFENDANT: That's ninety.
THE COURT: Don't commit a crime.
THE DEFENDANT: I am not going to commit it.
THE COURT: Because that is a condition. We will see you next Friday.
THE DEFENDANT: See you next Friday. (emphasis added).
Appellant failed to return on the scheduled date and when apprehended filed a motion to withdraw his guilty pleas. At the motion hearing, appellant argued that he had not fully understood the plea agreement. He argued that he had wanted to plead no contest, but that his counsel had advised against such a plea. He also argued that he had been under the influence of alcohol at the change of plea hearing. The trial court denied appellant's motion. The state presented evidence supporting an enhanced sentence under section 775.084, Florida Statutes (1989), Florida's habitual offender statute, and at oral pronouncement the court sentenced appellant to two consecutive 30 year sentences.[1]
Appellant raises several points on appeal, only one of which requires discussion. Appellant argues that the imposition of the habitual offender statute constituted a deviation from the plea agreement and the trial court erred when it denied his motion to withdraw his guilty pleas.
Appellant relies upon a line of cases for the proposition that conditions to a plea agreement, added subsequent to formal acceptance of the plea, are not part of the plea agreement. See Pumphrey v. State, 502 So.2d 982 (Fla. 1st DCA 1987); Moore v. State, 489 So.2d 1215 (Fla. 2d DCA 1986); LaBaissiere v. State, 429 So.2d 96 (Fla. 2d DCA 1983); Nesmith v. State, 374 So.2d 1139 (Fla. 2d DCA 1979). The above cited cases all involved additional conditions added after formal acceptance, but imposed unilaterally by the trial court without the acceptance by or the acquiescence of either the defendant or defense counsel. Here, as made clear by the plea colloquy, appellant understood and accepted the requirement of appearance as an added condition to the plea agreement. The record also shows that appellant understood the ramifications of his failure to appear, which included the possibility that the state would seek to enhance appellant's sentence as a habitual offender. The additional conditions attached to his appearance constituted a valid modification of the plea agreement ratified by appellant's clear and unequivocal understanding and acceptance of its terms. The sentence coincided with the plea agreement as modified, therefore, we hold that the trial court did not err in denying appellant's motion to withdraw. See Pumphrey v. State, 502 So.2d 982 (Fla. 1st DCA 1987); Goodwin v. State, 477 So.2d 1089 *202 (Fla. 4th DCA 1985); LaBaissiere v. State, 429 So.2d 96 (Fla. 2d DCA 1983).
Accordingly, we affirm the trial court's denial of appellant's motion to withdraw his pleas.
AFFIRMED.
HERSEY, C.J., and DOWNEY, J., concur.
NOTES
[1] We note that, contrary to oral pronouncement, the record contains sentencing documents for only one of the two offenses, case number 89-16836 CF. In the absence of a cross-appeal by the state, we do not address this issue.