RYDER, Acting Chief Judge.
Alvin T. Lamar challenges the trial court’s final judgment and sentence adjudicating him guilty of armed burglary pursuant to a negotiated plea agreement. We affirm the conviction, but remand for proper calculation of credit for time served.
Lamar was first convicted of armed burglary and other offenses committed in 1990. A successful appeal vacated his adult sentence and remanded it for further proceedings. The trial court subsequently entered an order waiving him into adult court. He was then charged as an adult with the same crimes for which he was sentenced in 1990. The negotiated plea agreement to those charges is at issue in this appeal.
The plea agreement provided that he would be sentenced to time served and two years’ probation. He was released pending sentencing. Lamar fully understood and the plea agreement clearly provided that if he failed to timely appear for his presentence investigation interview or sentencing that his plea would stand but the sentencing agreement would be void and he could be sentenced up to the statutory maximum of life. The judge specifically questioned and Lamar affirmed that he understood this provision. Lamar failed to appear for the presentence investigation and committed a new law violation. The trial court ruled that he intentionally violated the terms of his plea agreement by his failure to appear for the presentence investigation and by the commission of a new law violation and withdrew the probation part of the plea agreement. Lamar was sentenced to twenty-two years’ prison, a guidelines sentence. The judge also entered written reasons for imposing adult sanctions.
The trial court properly held that Lamar violated the plea agreement. See Sanders v. State, 567 So.2d 539 (Fla.2d DCA 1990); Nesmith v. State, 374 So.2d 1139 (Fla.2d DCA 1979).
The state concedes that at the time of sentencing, the court below failed to award proper credit for time served. We, therefore, affirm the conviction but reverse and remand the case to the trial court for the proper calculation of credit for time served.
Affirmed in part, reversed in part and remanded for further proceedings.
PARKER and LAZZARA, JJ., concur.