858 So.2d 1251 (2003)
Laird BENNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-869.
District Court of Appeal of Florida, Fifth District.
November 14, 2003.
James B. Gibson, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
*1252 THOMPSON, J.
Laird Bennett appeals the sentence imposed after he violated his probation, asserting that the sentence was illegal. We affirm.
Bennett was sentenced as a habitual offender to a term of years followed by probation. Later, in exchange for a sentence of 49 months, Bennett admitted violating the terms of probation. At the plea hearing, as the court began the plea colloquy, defense counsel asked the court if it would release Bennett pending sentencing. The prosecutor, who objected to the release, suggested that if Bennett were released, there should be conditions attached to the release and repercussions for failing to meet the conditions, as in Quarterman v. State, 527 So.2d 1380 (Fla.1988). The court and Bennett, along with defense counsel, agreed that if Bennett did not appear for sentencing as ordered, or if he committed another offense, the court could impose a ten-year habitual offender sentence. Bennett signed a document agreeing that if he violated the conditions, he could receive the maximum sentence.
Bennett was arrested the next day for stealing an automobile and driving with a suspended license. At sentencing, the court insisted on a full evidentiary hearing, explaining that "the gravity of the offense" would impact the sentencing decision. The owner of the car testified that as a result of the theft, her husband's cancer treatment had to be postponed. Also, the stereo and the speakers had been ripped from the car, and the underside was damaged because it had been driven across a concrete embankment to avoid a car that had been blocking it when it was parked. After considering the evidence and Bennett's record, the court imposed a sentence of ten years.
In Williams v. State, 500 So.2d 501 (Fla. 1986), the supreme court reversed a departure sentence under similar circumstances, holding that a defendant's failure to appear for sentencing was not a clear and convincing reason to depart from the guidelines. In Quarterman v. State, however, the court pointed out that it had more recently held that a plea agreement was a valid reason to impose a departure sentence, and explained that Williams stood only for the proposition that a failure to appear in itself was not a valid departure reason. Quarterman held that a court could impose a departure sentence for the failure to appear where the release and its conditions were part of the plea agreement and where the defendant agreed to the imposition of the departure sentence if he did not appear as ordered. Neither Williams nor Quarterman are pertinent here because this case does not involve a departure sentence. Quarterman, though, teaches that there is nothing inherently wrong with making the agreed-upon sentence contingent upon the defendant's not committing another offense while at liberty and appearing at sentencing as ordered.
If the court determines it cannot honor the terms of the plea bargain, it has been held that if, after accepting the plea and plea agreement, the court unilaterally imposes conditions of release which are not met, the court must allow a subsequent motion to withdraw the plea if the court decides not to sentence in accord with the plea agreement. See, e.g., Pumphrey v. State, 502 So.2d 982 (Fla. 1st DCA 1987). In this case, the court did not create the conditions of release unilaterally, and the conditions were imposed before the court accepted the plea. Bennett fully concurred with the conditions and was fully aware of the risks and rewards of the liberty. Accordingly, as in Fambro v. State, 581 So.2d 199 (Fla. 4th DCA 1991), we conclude that the Pumphrey line of *1253 cases does not apply. Furthermore, although we are not convinced that a release agreement has to be "integral" to the plea agreement, see Quarterman, 527 So.2d at 1381, when a departure sentence is not involved, we think Bennett and the court entered a valid modification of the plea agreement and that the court was therefore authorized to impose the sentence it did.
AFFIRMED.
SHARP, W., and ORFINGER, JJ., concur.