527 So.2d 1380 (1988)
David J. QUARTERMAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 70567.
Supreme Court of Florida.
July 14, 1988.
James Marion Moorman, Public Defender and Allyn Giambalvo, Asst. Public Defender, *1381 Tenth Judicial Circuit, Clearwater, for petitioner.
Robert A. Butterworth, Atty. Gen. and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for respondent.
EHRLICH, Chief Justice.
We have for review Quarterman v. State, 506 So.2d 50 (Fla. 2d DCA 1987), in which the district court certified the following question as being of great public importance:
MAY A TRIAL JUDGE EXCEED THE RECOMMENDED GUIDELINES SENTENCE BASED UPON A LEGITIMATE AND UNCOERCED CONDITION OF A PLEA BARGAIN?
506 So.2d at 52. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Pursuant to a plea bargain, Quarterman entered a plea of guilty to the charge of armed robbery. Under the plea agreement, Quarterman was to be sentenced to five-and-one-half years. Prior to his plea of guilty, Quarterman requested a few days continuance to visit a sister who was hospitalized. At the beginning of the plea hearing, defense counsel announced the terms of the bargain as follows:
This plea is tendered based upon the understanding that Mr. Quarterman will show up for sentencing this coming Monday, and at that time he would be sentenced to five and a half years in the Department of Corrections with credit for time served.
I have ... explained to Mr. Quarterman if he failed to show up for court Monday or if he committed a new crime between now and Monday, that the Court's offer would not be binding on the Court and the Court could sentence him to anything in the Court's discretion.
Prior to accepting the plea, the trial court reiterated these conditions, specifically asking Quarterman if he understood the conditions and agreed to them. Quarterman agreed and the plea was accepted. Quarterman failed to appear for sentencing on the following Monday. At which time, he was sentenced in absentia to fifteen years. The recommended guidelines range was four-and-one-half to five-and-one-half years. The court gave the following reasons for departure:
Juvenile record not scored; Defendant failed to appear for sentencing; new offense committed between plea and sentencing date (1 week); Defendant agreed Court could impose maximum  i.e., life imprisonment, if he FTA'd and he did; professional manner which crime was committed, anyone of these reasons, standing alone, I would deviate upward.
On appeal, the district court agreed with Quarterman that the trial court erred by sentencing him in absentia.[*] However, the court rejected Quarterman's contention that the trial court's decision to depart from the guidelines sentence constituted a ground for withdrawal of his plea, reasoning that the trial court was justified in exceeding the guidelines based on the legitimate and uncoerced plea bargain allowing the court to do so. 506 So.2d at 52. This holding was based on the fact that the trial court in this case expressly based departure on, among other things, the plea agreement providing for departure and the district court's recognition that "[p]lea bargain sentences have consistently been recognized as a valid reason for departure from a recommended sentence even if the court does not state other valid reasons for departure." Id. However, based on certain dicta contained in this Court's decision in Williams v. State, 500 So.2d 501 (Fla. 1986), the district court questioned whether a legitimate plea bargain could serve as the valid basis for departure. Concerned that its holding might be contrary to Williams, the district court certified the question before us.
As in this case, the defendant in Williams pled guilty pursuant to a negotiated plea agreement. At the plea hearing, the trial judge informed Williams that he would be sentenced within the guidelines under three conditions: 1) that his criminal record was as he said it was; 2) that he appear for sentencing at a later date; and 3) that he refrain from engaging in any *1382 further criminal activity. Williams agreed to these conditions. The plea was accepted by the court and Williams was released on his own recognizance. Williams failed to appear for sentencing on the specified date. At a subsequent sentencing hearing, the trial court departed from the recommended guidelines sentence, giving Williams' failure to appear for sentencing as the sole reason for departure. On appeal, the district court upheld the departure sentence, reasoning that because Williams failed to fulfill all the conditions attached to his plea agreement, the trial court was justified in deviating from the guidelines. Williams v. State, 471 So.2d 201, 203 (Fla. 2d DCA 1985), quashed, 500 So.2d 501 (Fla. 1986). This Court quashed the decision of the district court.
Since the sole reason for departure given by the trial court in Williams was that the "DEFENDANT DID NOT APPEAR FOR SENTENCING...," we perceived the issue before the Court to be "whether a defendant's failure to appear for sentencing constitutes a clear and convincing reason for departure from the guidelines." 500 So.2d at 502. Persuaded by the reasoning of the Fifth District Court in Monti v. State, 480 So.2d 223 (Fla. 5th DCA 1985), that a departure sentence based on the defendant's failure to appear at sentencing amounted to a deviation from the guidelines based upon a crime for which the defendant has not been convicted, see Fla. R.Crim.P. 3.701(d)(11), we held that it was not. Id. We went on to hold that "a defendant's acquiescence cannot confer authority on the court for such departure." Id. The district court below correctly interpreted Williams as standing for the limited proposition that "a defendant's failure to appear for sentencing in and of itself does not constitute a clear and convincing reason for departure from the sentencing guidelines, even when [a] defendant acquiesced in the conditions imposed by the trial court." 506 So.2d at 51.
Since our decision in Williams, this Court has recognized that a plea bargain can constitute a valid reason for departure. Holland v. State, 508 So.2d 5, 6 (Fla. 1987). Our decision in Williams should not be read to hold to the contrary. The trial court in Williams based departure solely on Williams failure to appear. In the instant case, departure was not only based on Quarterman's failure to appear but was also based on the plea agreement itself. Further, as noted by the district court, the conditions which Quarterman agreed to were not imposed after the plea bargain had been accepted, see Pumphrey v. State, 502 So.2d 982 (Fla. 1st DCA 1987); Moore v. State, 489 So.2d 1215 (Fla. 2d DCA 1986), but were accepted as "an integral part of the bargain itself." 506 So.2d at 51. We agree with the court below that, under these circumstances, the plea bargain itself serves as a clear and convincing reason for departure and recede from any language in Williams to the contrary.
Accordingly, we answer the certified question in the affirmative and approve the decision below.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs in result only with an opinion.
BARKETT, Justice, concurring in result only.
I concur in result only because there were valid reasons for departure other than the petitioner's failure to appear for sentencing. Otherwise, Williams v. State, would and should control for the reasons stated in Williams.
NOTES
[*] The state does not challenge this portion of the decision below.