GRIFFIN, Judge.
After violating his probation, Lloyd was sentenced at one sentencing hearing on both the original offense (lower court case number 91-11437) and on the new substantive offenses which constituted the violation (lower court case number 92-7140). In case number 91-11437, Lloyd received a departure sentence in excess of the one-cell bump-up permitted by Florida Rule of Criminal Procedure 3.701(d)(ll). The trial court could have *1206 departed from the guidelines for reasons that existed as of the original sentencing hearing; [1] however, the departure sentence imposed here was invalid because it was not supported by contemporaneous written reasons and the record does not indicate that Lloyd agreed to be sentenced outside the guidelines as part of his plea. Pope v. State, 561 So.2d 554 (Fla.1990); Rice v. State, 622 So.2d 1129 (Fla. 5th DCA 1993). We thus vacate Lloyd’s sentence in case number 91-11437 and remand for resentencing within the guidelines.
We ñnd no merit in Lloyd’s second claim that the lower court committed reversible error in excluding a juror for cause in case no. 92-7140.
JUDGMENTS AFFIRMED; SENTENCE VACATED and REMANDED.
DAUKSCH and PETERSON, JJ., concur.

. Snead v. State, 616 So.2d 964 (Fla.1993); Williams v. State, 581 So.2d 144 (Fla.1991).