PER CURIAM.
The defendant appeals the trial court’s summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, arguing that the trial court erred in sentencing him to twenty years in prison because this sentence exceeds the permitted guideline range of 5⅜ to 12 years. We affirm.
The defendant was charged with capital sexual battery, but entered into a plea agreement with the state. As contemplated by this agreement, the defendant entered a plea of no contest to the lesser-included offense of attempted sexual battery and received a sentence of 20 years in prison. At the time of the plea, the defendant told the trial court he understood that he was to receive a sentence of 20 years which was in excess of the guidelines sentence for attempted sexual battery, that he was satisfied with the assistance of his attorney, and that he was not pressured into entering the plea. The defendant received the benefit of his bargain. Although he was sentenced to a term in excess of the permitted guidelines range, the reason for departure was an uncoerced negotiated plea. This constitutes a valid reason for departure. Quarterman v. State, 527 So.2d 1380 (Fla.1988).
AFFIRMED.
PETERSON, C.J., and GOSHORN and ANTOON, JJ., concur.