PER CURIAM.
Appellant complains on appeal of the refusal of the lower court to allow him to withdraw his plea and he contends that he was given an improper upward departure *1219 sentence. We find no merit in appellant’s first argument; however, it does appear that appellant’s sentence is an invalid departure.
Appellant’s maximum allowable sentence under the guidelines was 208.125 months. The lower court, by stacking the minimum mandatories on six of appellant’s charges, sentenced the appellant to a total of eighteen years (216 months). It appears from the record that it was recognized below that this sentence constituted an upward departure. It also appears to have been the view of the lower court that this departure had been agreed to by appellant as part of his plea agreement. Although the colloquy during the course of the plea is not crystal clear, we cannot find in it an agreement to an upward departure sentence.
The agreement was that, in exchange for his plea to the many pending cases against him, the state would agree to recommend a guidelines sentence totalling twelve years. It was also plainly agreed, however, that if appellant, who had requested to be released on his own recognizance pending sentencing, did not appear as scheduled for his sentencing, then the state’s recommendation of a twelve-year guideline sentence would be withdrawn. In other words, it is clear that appellant was fully aware that, by failing to appear for sentencing as scheduled, he would forfeit any right to the twelve-year sentence recommendation, but the record does not reflect that he agreed to an upward departure should he fail to appear. Since the plea agreement is the only arguable basis for an upward departure in this case, the departure sentence of eighteen years must be vacated and the cause remanded for a sentence to be imposed that falls within the guidelines range.
SENTENCE VACATED and REMANDED.
DAUKSCH, HARRIS and GRIFFIN, JJ., concur.