GOSHORN, Judge.
Richard Alan Conn appeals from the judgment and sentence imposed following his guilty plea. He asserts that several sentencing errors, which we address seriatim, require reversal. We agree.
First, Conn argues, and the State has conceded on appeal, that the offense to which Conn pled guilty (Count V. in Case No. 94-28877) was aggravated battery with a weapon which is not subject to enhancement for the use of the weapon. See Lareau v. State, 573 So.2d 813 (Fla.1991).
Secondly, Conn asserts that the trial court erred in sentencing him as a habitual felony offender on his violations of probation in Case No. 86-5807 because habitualization for those offenses was not available at the time of his original sentencing. However, the record does not reflect that he was sentenced as a habitual felony offender. Rather, the court reimposed his original 15 year sentence, and therefore, this sentence was proper.
Finally, Conn asserts that in Case No. 94-28877, the trial court’s written reason for departure, Conn’s habitual felony offender status, is invalid, and thus those sentences as to Counts I and III must be reversed and remanded with directions to impose a guidelines sentence. The State acknowledges that a defendant’s status as a habitual offender is not a valid reason to depart from the sentencing guidelines. See Whitehead v. State, 498 So.2d 863 (Fla.1986), superseded on other grounds by statute as stated in Owens v: State, 560 So.2d 1260 (Fla. 1st DCA 1990); Boland v. State, 571 So.2d 518, 519 (Fla. 2d DCA 1990); Hansbrough v. State, 523 So.2d 1264 (Fla. 5th DCA 1988), called into doubt on other grounds by Harvard v. State, 643 So.2d 712 (Fla. 3d DCA 1994). It argues, rather, that Conn’s sentence imposed in *279 Count I was valid based upon habitualization, and, while admitting that Conn’s sentence in Count III could not be based upon the habitual offender statute, it asserts that the sentence was proper because it was pursuant to the plea agreement.
Conn’s charge in Count I, armed burglary of a dwelling with an assault, is a first degree felony punishable for a term of years not exceeding life. See § 810.02(2), Fla.Stat. (1993). Pursuant to the habitual felony offender statute, a life sentence is permissible for that offense. See § 775.084(4)(a)l., Fla. Stat. (1993). Because it is clear that Conn was aware he could be sentenced as a habitual felony offender for Count I, the State is correct that Conn’s sentence under that Count should be affirmed.
As for Count III, the State’s argument that the sentence is valid based on Conn’s plea agreement is incorrect. Conn’s written plea agreement sets out the maximum possible sentence of life imprisonment plus a $15,000 fine. While the agreement provides that “sentencing is completely in the discretion of the Court,” it goes on to state:
[T]here is no agreement between the State of Florida and me as to sentencing. Either side can argue for any lawful sentence.
(Emphasis added). Thus, Conn did not agree to a specific sentence, only to a lawful one. The record further shows that Conn did not agree to a departure sentence in his plea agreement. Rather, the maximum sentences listed were merely showing the possible maximum sentences, assuming a valid departure sentence or habitualization was imposed. Accordingly, we reverse and remand for resentencing within the guidelines on Count III. See Shull v. Dugger, 515 So.2d 748, 749 (Fla.1987) (“[W]hen all of the reasons stated by the trial court in support of departure are found invalid, resentencing following remand must be within the presumptive guidelines sentence.”); Williams v. State, 492 So.2d 1308 (Fla.1986); see also Lloyd v. State, 633 So.2d 1205 (Fla. 5th DCA 1994); Browning v. State, 625 So.2d 960, 961 (Fla. 5th DCA 1993) (remanding for resen-tencing within the presumptive guideline sentence where all written reasons are invalid and noting that, upon resentencing, trial court may not enunciate new reasons for a departure sentence).
In summary, we reverse and remand with instructions to impose (1) a sentence that is appropriate for a second-degree felony as to Count Y. in Case No. 94-28877 with enhancement for Conn’s status as a habitual felony offender; and (2) a guidelines sentence for Count III in Case No. 94-28877. In all other regards, Conn’s convictions and sentences are affirmed.
AFFIRMED in part; REVERSED in part; REMANDED with instructions.
DAUKSCH and GRIFFIN, JJ., concur.