708 So.2d 622 (1998)
Keith BAREIS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-946.
District Court of Appeal of Florida, Fifth District.
March 13, 1998.
Rehearing Denied April 28, 1998.
*623 James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kelli R. Orndorff, Assistant Attorney General, Daytona Beach, for Appellee.
GOSHORN, Judge.
Appellant challenges the upward departure sentence imposed following his failure to appear for his initial sentencing. He argues that because he was never specifically advised that failing to abide by a condition of his plea would permit the court to impose an upward departure sentence, it was error for the court to enter the departure sentence. We affirm.
Appellant entered into a written plea agreement with the State in which he acknowledged:
I understand and agree that if I fail to comply with any of the conditions set forth above I will have breached my plea agreement. In that event, I will not be allowed to withdraw my plea and the Judge may sentence me to any sentence authorized by law for the offense(s) to which I have pled.
(Emphasis supplied). The trial court accepted Appellant's plea and, after setting the case for sentencing, stated,
Mr. Bareis, you have entered into a plea agreement with me whereby you agree to get your drug evaluation and pre-sentence investigation done and come to court on time, sober and ready for sentencing.
You understand?
* * * * * *
All you have to do is show up where you're supposed to. We'll give you instructions on how to do that and where you have to go.
I want you to know if you don't do these things, I'm not bound by the penalty agreement of the plea document.
You understand?
Appellant answered affirmatively.
Unfortunately, Appellant failed to appear for sentencing. When he was finally brought before the court for sentencing, the trial court entered a departure sentence, writing, "Defendant failed to comply with the conditions of the plea agreement by failing to appear for sentencing and failing to get his drug evaluation[.] Quarterman v. State, 527 So.2d 1380 (Fla.1988)." Appellant's subsequent rule 3.800(b) motion to correct the sentence was denied. Appellant argues on appeal that the sentence was an improper departure. We disagree.
In Quarterman, the defendant was informed that a term of his plea agreement included that if he failed to show up for court, "the Court's offer would not be binding on the Court and the Court could sentence him to anything in the Court's discretion." 527 So.2d at 1381. The defendant agreed to these conditions, then failed to appear for sentencing. The trial court imposed a departure sentence. On appeal, the supreme court affirmed the departure sentence because it was based not only on the fact of nonappearance, but also on the plea agreement itself.
Quarterman controls the instant case as there is no meaningful distinction between an agreement to be sentenced to "anything" and an agreement to be sentenced to "any sentence authorized by law." Certainly implicit in "anything" is the requirement that the sentence be "authorized by law." A departure sentence is, assuredly, authorized by law *624 and hence comes within the terms of the agreement. Accordingly, we conclude that a departure sentence was within the contemplation of the plea agreement and was properly imposed upon Appellant's failure to appear. Bright v. State, 679 So.2d 1218 (Fla. 5th DCA 1996) is distinguishable in that there, the agreement did not provide for any possible legal sentence if the defendant failed to appear, but rather provided that upon the defendant's failure to appear, the state's recommendation for an agreed-to sentence would be withdrawn. The agreement in Bright did not open the door to the possibility of a departure sentence; rather, it closed the door on the agreed-to sentence.
AFFIRMED.
ANTOON, J., concurs.
GRIFFIN, C.J., dissents, with opinion.
GRIFFIN, Chief Judge, dissenting.
I respectfully dissent.
The appellant entered no contest pleas to possession of burglary tools and resisting an officer without violence. His agreement with the state was for a choice of either eighteen months probation or three months in jail with no probation. At the conclusion of the plea colloquy, the court accepted the plea. After setting the matter for sentencing, the court then stated, "All right. Mr. Bareis, you have entered into a plea agreement with me whereby you agree to get your drug evaluation and pre-sentence investigation done and come to court on time, sober and ready for sentencing. You understand?" After appellant responded affirmatively, the court concluded the plea hearing stating, "I want you to know if you don't do these things, I am not bound by the penalty agreement of the plea document. You understand?" Once again, appellant answered affirmatively. The written plea agreement which appellant had signed contained the following language:
I realize that this agreement is subject to being accepted or rejected by the Judge at sentencing, and if it is rejected for any reason other than a breach of this agreement, I may withdraw my plea and go to trial.
I acknowledge receipt of a copy of the notice for my sentencing date. I understand and agree that if I fail to comply with any conditions set forth above I will have breached my plea agreement. In that event, I will not be allowed to withdraw my plea and the Judge may sentence me to any sentence authorized by law for the offense(s) to which I have pled.[1]
On January 13, 1997, appellant failed to appear for sentencing and a capias was issued for his arrest. When appellant ultimately appeared for sentencing, the trial court adjudicated him guilty and sentenced him to twenty-four months in prison, citing Quarterman v. State, 527 So.2d 1380 (Fla.1988) as his basis for an upward departure from the recommended guidelines. On the bottom of the guidelines scoresheet, the trial court wrote as a reason for departure:
Defendant failed to comply with the conditions of the plea agreement by failing to appear for sentencing and failing to get his drug evaluation[.] Quarterman v. State, 527 So.2d 1380(Fla.1988).
Defense counsel filed a motion to correct sentence pursuant to Rule 3.800(b), Florida Rules of Criminal Procedure, arguing that the departure in the instant case was improper under Quarterman. Following a hearing, the trial court denied the motion. Appellant contends here, as he did below, that the sentence is improper. I agree.
In Quarterman, there was a plea agreement specifically providing that the defendant agreed the court could sentence him to "anything" if he did not appear as promised. Quarterman stands for the proposition that the departure must be a part of the agreement. Here, at best, the terms of the agreement were ambiguous. The court's oral explanation merely informed Bareis that the agreed sentence would no longer be applicable, not that he was exposing himself to a departure sentence. The terminology in the *625 written agreement: "any lawful sentence" could equally be understood to mean (1) a guidelines sentence, or (2) any sentence up to the statutory maximum. In Conn v. State, 684 So.2d 278, 279 (Fla. 5th DCA 1996), we concluded that the phrase, "any lawful sentence" in a plea agreement referred to a guidelines sentence, not the statutory maximum. This court recently considered a factually similar case, Bright v. State, 679 So.2d 1218 (Fla. 5th DCA 1996), and held the plea agreement had to expressly provide that the defendant agreed to an upward departure sentence if he failed to appear. This one did not. I would reverse and remand for imposition of a guidelines sentence.
NOTES
[1] The court subsequently indicated it had drafted this language and that it is the standard form used locally.