SAWAYA, J.
The appellant appeals the five-year prison sentence he received for one count of grand theft. He was originally charged *834 with one count of principal to carjacking. Pursuant to a plea agreement, however, he agreed to enter a plea of nolo contendere to the lesser charge of grand theft. The plea agreement provided, ' among other things, that the appellant would receive a guidelines sentence if he did not violate the conditions of the agreement. One of the conditions the appellant specifically agreed to was that he would appear for his sentencing hearing and in the event he failed to do so, the trial court could impose up to the statutory maximum sentence of five years’ imprisonment. This was made a condition of the agreement because the appellant was to be released on his own recognizance pending sentencing.
On April 12, 1999, the appellant entered his plea pursuant to the agreement. During the plea colloquy, the trial judge asked the appellant for his address. The appellant advised the court that he was homeless, but indicated that he could obtain a residence shortly after his release. Therefore, the trial judge ordered the appellant to appear on a specified date the following week and provide the clerk and the court with his address. The trial judge gave the appellant a notice to appear which contained his appearance date the following week and he was released from custody after the plea was accepted by the court. The appellant failed to appear on the date and time provided in the notice to appear, and the trial judge issued a capias ordering the appellant to be taken back into custody.
Prior to the sentencing hearing, the appellant filed a motion to withdraw his plea based on his belief that the State was going to qualify him as an habitual felony offender. When the State withdrew its intention to do so, the appellant withdrew his motion to set aside his previously entered plea.
Law enforcement apparently located appellant and took him into custody pursuant to the capias because he was transported to his sentencing hearing by the sheriffs department. During the sentencing hearing, the appellant’s attorney asked the court to comply with the original plea agreement by imposing a guidelines sentence. The State argued that the appellant breached the plea agreement and that a sentence of five years in prison was warranted. The trial judge agreed with the State and imposed the maximum statutory sentence of five years’ incarceration.
The appellant contends that he complied with the conditions of the plea agreement that were specifically agreed to by him. He appeared at the sentencing hearing, although in shackles and while in the custody of the sheriffs department. He further contends that his appearance pursuant to the notice to appear was never specifically made a condition of the agreement. He argues, therefore, that the above guidelines sentence is improper because it is in breach of the plea agreement.
A sentence can properly exceed the guidelines pursuant to a negotiated plea agreement. See Quarterman v. State, 527 So.2d 1380 (Fla.1988); see also State v. Williams, 667 So.2d 191 (Fla.1996). A defendant in a criminal case who has entered a plea of guilty or nolo contendere , pursuant to a plea agreement may not file a direct appeal alleging violation of that agreement unless the violation was preserved for review by a motion to withdraw the plea. See Fla. R.App. P. 9.140(b)(2)(B)(ii); Harriel v. State, 710 So.2d 102 (Fla. 4th DCA 1998); see also Fla. R.App. P. 9.140(d); Fla. R.Crim. P. 3.170(Z). Unfortunately for the appellant, he withdrew his motion to withdraw the plea when he learned that the prosecutor was not going to qualify him as an habitual felony offender. Thus the trial court never had the opportunity to consider that motion and the appellant failed to preserve for review the issue of breach of the plea agreement.
The appellant argues that Bright v. State, 679 So.2d 1218 (Fla. 5th DCA 1996), supports his contention that the sentence was erroneous and should be set aside. *835 However, that case is clearly distinguishable from the instant case. In Bright, the issue was properly preserved for review because the defendant filed a motion to withdraw his plea which was considered by the trial court. In the instant case, appellant withdrew his motion before sentence was imposed and the trial court never had the opportunity to consider it.
We conclude that the appellant does not have a right of direct appeal of the issues he raises in these proceedings. We, therefore, affirm his sentence.
AFFIRMED.
PETERSON and THOMPSON, JJ., concur.