PER CURIAM.
We have for review the decision in Robinson v. State, 742 So.2d 863 (Fla. 5th DCA 1999), in which the Fifth District certified the same question which was eer- *910 tified in Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999).[1] We have jurisdiction. See art. V, § 8(b)(4), Fla. Const.
We recently approved the First District’s decision in Woods, holding that the Prisoner Releasee Reoffender Act, as properly interpreted by the First District, does not violate separation of powers, and rejecting other constitutional challenges to the Act. See State v. Cotton, Nos. SC94996 & SC95281, — So.2d -, 2000 WL 766521 (Fla. June 15, 2000). Accordingly, for the reasons oppressed in Cotton, we answer the certified question in the negative and approve the Fifth District’s opinion with respect to that issue.
Robinson also challenges as illegal the concurrent, fifteen-year prison releas-ee reoffender sentence which the trial court imposed based on Robinson’s conviction for possession of cocaine. The applicable sentence appears to be five years. See § 775.082(3)(d), Fla. Stat. (1997) (providing five-year sentence for third-degree felony). This sentencing error is the type which may be raised for the first time on appeal[2] by a defendant who has been sentenced during the “window” period prior to the Court’s decision in Amendments to Rules of Criminal Procedure 3.111(e) & 8.800 & Rules of Appellate Procedure 9.020(h), 9.HO, & 9.600, 761 So.2d 1015 (Fla.1999). See Maddox v. State, 760 So.2d 89 (Fla.2000)(indicating that “an un-preserved error resulting in a sentence in excess of the statutory maximum should be corrected on direct appeal as fundamental error”). We therefore quash the decision of the district court only to the extent that it can be interpreted as affirming Robinson’s sentence for possession of cocaine, and direct the district court to remand the cause to the trial court for further proceedings consistent with this opinion.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
QUINCE, J., dissents with an opinion.

. As framed in Woods, that question is:
DOES THE PRISON RELEASEE REOF-FENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?

. It is unclear from the record whether this unpreserved error was raised before the district court, or for the first time before this Court.