808 So.2d 1285 (2002)
Aaron KINNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-538.
District Court of Appeal of Florida, First District.
March 12, 2002.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Kenneth D. Pratt, Assistant Attorney General, Tallahassee, for Appellee.
ERVIN, J.
In accordance with appellant's argument and the state's concession, we reverse appellant's illegal sentences. Pursuant to a plea agreement, appellant was adjudicated guilty in Case Nos. 00-3083, 00-3084 and 00-3086 of three separate counts of third-degree felony burglary of a structure, in violation of section 810.02(4), Florida Statutes (2000). He was sentenced in all three cases as a prison releasee reoffender under section 775.082(9), Florida Statutes (2000), to concurrent terms of five years of incarceration followed by ten years of probation.
These sentences are illegal, because they exceed the statutory maximum provided in section 775.082(9) for the third-degree felony convictions. See Robinson v. State, 762 So.2d 909 (Fla.2000). And see Larson v. State, 572 So.2d 1368, 1371 (Fla. 1991) (stating that a defendant cannot by agreement confer on a judge the authority to exceed the penalties established by law); Debord v. State, 802 So.2d 528 (Fla. 1st DCA 2001) (reversing trial court's order denying the defendant's motion to correct under the theory that the sentences, which exceeded the statutory maximum, were the result of a negotiated plea).
REVERSED and REMANDED for further proceedings consistent with this opinion.
BARFIELD and LEWIS, JJ., concur.