SHARP, W., J.
White appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, seeking post-conviction relief. We affirm because this motion is successive and untimely.
As the trial court noted below, White has filed numerous frivolous and succes *1020 sive post-conviction motions attacking his 12-year sentence, which he received after he failed to appear for sentencing and thus violated the plea agreement and conditions of his release.[1] The current motion is so grossly successive the trial court warned him that he could be prohibited from submitting any further pro se filings regarding his case. We echo that warning. See State v. Spencer, 751 So.2d 47 (Fla.1999).
In addition, this 3.850 motion is untimely. White was sentenced on November 4, 1998. His judgment and sentence were affirmed on August 17, 1999. The mandate issued September 3, 1999.[2] A 3.850 motion must be filed within two years of the time the judgment and sentence become final. See Fla. R.Crim. P. 3.850(b). That would be September 3, 1999, in this case. This motion was not filed until January 23, 2004, more than two years too late.
Although an unlawful sentence may be challenged at any time, White has not established he received an illegal sentence. Further, rule 3.850 does not permit the same plea and sentencing issues to be raised successively. See Fla. R.Crim. P. 3.850(f).
AFFIRMED.
GRIFFIN and ORFINGER, JJ., concur.

. See generally, Quarterman v. State, 527 So.2d 1380 (Fla. 1988).

. White v. State, 741 So.2d 510 (Fla. 5th DCA 1999) (Appeal No. 98-3058).