ALTENBERND, Judge.
 

 Robert Raymond Biggs appeals the withhold of adjudication and sentence of probation that he received on the charge of domestic battery by strangulation. This is an Anders
 
 [1]
 
 appeal, and we affirm.
 

 On October 25, 2008, at approximately 4:00 a.m., Mr. Biggs was arrested at his
 
 *798
 
 residence in Holiday, Florida, for false imprisonment and aggravated battery involving strangulation. According to his girlfriend, he was under the influence of a prescription drug when he struck her repeatedly in the face with his fists. He then put his hands around her neck, strangling her to the point that she had trouble breathing. Thereafter, he dragged her into the bathroom and told her not to leave the room or he would hurt her.
 

 As a result of this arrest, he was charged with the third-degree felony of domestic battery by strangulation.
 
 See
 
 § 784.041(2)(a), Fla. Stat. (2008). He later signed a written plea form indicating that he had a college education. He pleaded guilty to the charge in exchange for a withhold of adjudication and two years’ probation, including an anger management program and a substance abuse and psychological evaluation. The trial court entered the appropriate judgment and probation order to fulfill this agreement after conducting a thorough change of plea hearing on December 16, 2008. The record contains no objection of any sort or any preserved issue.
 

 Mr. Biggs, as was his legal right, timely appealed the withhold of adjudication and order of probation. Nothing in this record, however, suggests that his public defender in the trial court could have identified any issue that could be argued in this court in good faith. The clerk of circuit court dutifully prepared a complete record, including a transcript of the plea hearing. Mr. Biggs was appointed an experienced appellate public defender who reviewed the record and found no issue worthy of briefing. Accordingly, he filed an
 
 Anders
 
 brief. Because Mr. Biggs did not choose to abandon the appeal at that time, an experienced assistant attorney general reviewed the file and also found no issue for consideration by this court. Thereafter, three judges of this court were selected to consider this case, and we too reviewed the record in search of an issue. None was located.
 

 Mr. Biggs is merely one of many defendants who have received favorable outcomes in full accordance with their negotiated agreement with the State and then have chosen to expend the resources of this state on an appeal that has no basis in fact or law. These cases slow the review of other cases that may have merit. While the constitutional right to appeal is vital to the legitimacy of our criminal justice system, it seems unfortunate that we cannot devise methods, fair to all parties, to minimize the number of appellate proceedings that occur after defendants receive precisely the judgments and sentences that they have agreed to receive in signed, written negotiated plea agreements that were discussed and reviewed in open court at a plea hearing where the trial court conducted a proper colloquy without any objection.
 

 Pursuant to Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii), a defendant who enters a guilty or nolo contendere plea and who has not specifically reserved his or her right to appeal a pre-plea ruling of the trial court may challenge on appeal solely (1) the trial court’s lack of subject matter jurisdiction; (2) the violation of the plea agreement, if preserved by a motion to withdraw the plea; (3) an involuntary plea, if preserved by a motion to withdraw the plea; and (4) a sentencing error, if preserved.
 
 See
 
 Fla. R.App. P. 9.140(b)(2)(A)(ii)(a)-(d);
 
 see also Robinson v. State,
 
 373 So.2d 898 (Fla.1979);
 
 Counts v. State,
 
 376 So.2d 59 (Fla. 2d DCA 1979). Unless the trial court or the defendant’s attorney explains these extreme limitations to the defendant, we are inclined to believe that the typical defendant may believe that he or she has some realistic hope of sue-
 
 *799
 
 cess on appeal and may believe that the appeal could result in some reduction in the bargained-for sentence.
 

 It is at least plausible that some standard language near the end of the plea colloquy, confirming with the defendant that the judgment and sentence just imposed are in full compliance with the negotiated plea agreement and then explaining that the trial court is aware of no issue that could be argued in good faith in the appellate court, might reduce the number of these unnecessary appeals.
 

 It might also be more efficient if appeals in cases involving written negotiated pleas were not transferred to the Public Defender of the Tenth Judicial Circuit but remained the responsibility of the office of the public defender who filed the appeal. Whatever the solution, at this point, in a case like this one emanating from a circuit other than the Tenth Judicial Circuit, neither the defendant nor his or her attorney has any significant incentive to do anything other than to file a frivolous appeal of the judgment and sentence at the expense of the taxpayers and to the prejudice of other defendants with meritorious appeals who must wait in prison while we fulfill our duty reading records without legal issues.
 

 Affirmed.
 

 VILLANTI, J., Concurs.
 

 WALLACE, J., Concurs in result only.
 

 [1]
 

 .
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).