DAVIS, J.,
dissenting.
I respectfully dissent. The issue in this case is not whether a defendant may enjoy the benefits of probation and later complain about its burdens. The issue before this Court is whether there is sufficient evidence in the record on appeal to determine whether the trial court properly denied Appellant’s claim of an illegal sentence.
Pursuant to Florida Rule of Criminal Procedure 8.800(a), Appellant filed a motion alleging that the imposition of drug offender probation was improper because he was not convicted of the purchase or possession of a controlled substance. The trial court summarily denied Appellant’s motion without making any factual findings or legal conclusions and without attaching any portions of the record conclusively refuting Appellant’s claim. Contrary to the assertion in the majority opinion, Appellant asserted a facially sufficient claim that his sentence was illegal.
“In order to allege a facially sufficient rule 3.800(a) motion, the appellant must allege: (1) he is serving an illegal sentence; (2) the error appears on the face of the record; and (3) how and where the record demonstrates an entitlement to relief.” Lauramore v. State, 949 So.2d 307, 308 (Fla. 1st DCA 2007); see also Teague v. State, 26 So.3d 616, 617 (Fla. 1st DCA 2009). Appellant alleged that his drug offender probation was illegal, that the illegality of the sentence was apparent from the face of the record, and that his conviction for aggravated battery showed that he did not qualify for drug offender probation. Thus, Appellant’s claim is facially sufficient. Beals v. State, 14 So.3d 286, 287 (Fla. 4th DCA 2009) (holding that the issue of whether a trial court has the authority to impose drug offender probation is cognizable in a rule 3.800(a) motion). However, it is impossible to determine from the record on appeal whether Appellant’s claim is meritorious.
The only items included in the record on appeal were Appellant’s two-page motion for relief, the lower court’s order denying the motion without any explanation, and the notice of appeal. This Court has long held that the trial court is required to attach portions of the record conclusively refuting facially sufficient claims for relief in rule 3.800(a) motions. Webb v. State, 642 So.2d 782, 783 (Fla. 1st DCA 1994). The lack of any record attachments in this case is the sole reason this Court was forced to “expend considerable resources” *889 to review Appellant’s motion. Without the plea colloquy or a written plea agreement, it is impossible to determine whether Appellant’s claim has merit. Thus, as conceded by the State, this case should be remanded back to the trial court with directions to attach portions of the record to conclusively refute Appellant’s claim or for resentencing.
Contrary to the majority’s assertion, if the court imposed statutory drug offender probation, even pursuant to a negotiated plea, then Appellant’s claim would have merit. Epperson v. State, 955 So.2d 642, 643 (Fla. 4th DCA 2007). A trial court may order a probationer to complete a drug treatment program as a special condition of ordinary probation, as a condition of drug offender probation pursuant to sections 948.034 and 948.20, Florida Statutes, or as part of a treatment based drug court program pursuant to section 397.334, Florida Statutes. Lawson v. State, 969 So.2d 222, 231 (Fla.2007). Appellant alleged that he was sentenced to statutory drug offender probation which, if true, would be an illegal sentence because he was not convicted of one of the enumerated chapter 893 offenses. §§ 948.034(1), 948.20, Fla. Stat. (2006); Ellis v. State; 816 So.2d 759, 762 (Fla. 4th DCA 2002). While Appellant could have agreed to special conditions of probation similar to those imposed in drug offender probation, the trial court did not attach relevant portions of the record to establish that this was the case. See Beals, 14 So.3d at 287 (reversing the imposition of drug offender probation, but remanding with leave for the trial court to substitute, for the drug offender probation, a term of probation with or without special conditions related to substance abuse); Andrew v. State, 988 So.2d 158 (Fla. 4th DCA 2008) (same).
The majority also misstates the holding and application of the supreme court’s decision in Quarterman v. State, 527 So.2d 1380 (Fla.1988), when it asserts that the supreme court has receded from its holding that a trial court is not authorized to impose an illegal sentence pursuant to a plea agreement. In Quarterman, the defendant agreed to appear for sentencing at a later date as a part of his plea agreement because he wanted to visit a sister who was hospitalized. Id. at 1381. When the defendant failed to appear for sentencing, the trial court imposed a sentence greater than the agreed upon sentence and in excess of the recommended guidelines range. Id. The trial court provided multiple reasons for departure, including the defendant’s failure to appear for sentencing. Id. The supreme court held that the plea bargain was a clear and convincing reason for a departure sentence because the defendant’s presence at a later date was an integral part of the agreement. Id. at 1382. The supreme court distinguished the facts in Quarterman from its previous decision in Williams v. State, 500 So.2d 501 (Fla.1986), by stating that it perceived the issue in Williams to be whether it was permissible to deviate from the guidelines based on the defendant’s failure to appear, which was a crime for which the defendant was not convicted. Id. Thus, the court clarified that under the circumstances in Quarterman, the plea bargain itself served as a clear and convincing reason for departure and the court receded from any language in Williams contrary to that proposition. Id.
The statement in Williams that a trial court cannot impose an illegal sentence pursuant to a plea bargain is not contrary to the holding in Quarterman because a departure sentence is not necessarily an illegal sentence. White v. State, 816 So.2d 820, 821 (Fla. 5th DCA 2002) (holding that a departure sentence is not an illegal sentence as long as the sentence does not exceed the statutory guidelines). Moreover, the definition of an illegal sentence is not limited to when the sentence exceeds *890 the statutory maximum. The supreme court has defined an illegal sentence as “one that imposes a punishment or penalty that no judge under the entire body of sentencing statutes and laws could impose under any set of factual circumstances.” Williams v. State, 957 So.2d 600, 602 (Fla.2007). Thus, when the supreme court receded from its holding in Williams that implied that a plea bargain could not be a valid reason for a departure sentence, it did not recede from its previous holding that a defendant cannot plead to an illegal sentence.
The majority also overlooks the fact that in a more recent opinion the supreme court reaffirmed its statement in Williams that a defendant cannot plead to an illegal sentence. Larson v. State, 572 So.2d 1368, 1371 (Fla.1991) (“A defendant cannot confer on others a right to do something the law does not permit. For example, a defendant cannot by agreement confer on a judge authority to exceed the penalties established by law”). Additionally, the supreme court has favorably cited to Williams to support its holding that a trial court cannot impose an illegal sentence pursuant to a plea bargain. Bates v. State, 750 So.2d 6, 11 (Fla.1999). The entry of a plea agreement does waive some of a defendant’s constitutional rights; however, it does not waive a defendant’s right to challenge an illegal sentence. Amendments to Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996) (holding that one of the issues that may be raised on appeal after a defendant pleads guilty or no contest is the illegality of a sentence). Additionally, the majority also disregards numerous cases from this Court and all of the other districts holding that a plea bargain cannot justify the imposition of an illegal sentence. See generally Darling v. State, 886 So.2d 417, 418 (Fla. 1st DCA 2004) (holding that a defendant cannot plead to an illegal sentence); Bruno v. State, 837 So.2d 521, 523 (Fla. 1st DCA 2003) (same); Wright v. State, 743 So.2d 103, 103 (Fla. 1st DCA 1999) (same); Taylor v. State, 899 So.2d 1191, 1192 (Fla. 1st DCA 2005) (same); Leavitt v. State, 810 So.2d 1032, 1033 (Fla. 1st DCA 2002) (same); Kinney v. State, 808 So.2d 1285, 1285 (Fla. 1st DCA 2002) (same); Debord v. State, 802 So.2d 528 (Fla. 1st DCA 2001) (same); Blanchette v. State, 620 So.2d 258 (Fla. 1st DCA 1993) (same); Hebert v. State, 600 So.2d 1293, 1294 (Fla. 1st DCA 1992) (same); see also Walters v. State, 812 So.2d 457, 458 (Fla. 5th DCA 2002) (holding that a defendant may not plead to an illegal sentence); Hollybrook v. State, 795 So.2d 1012, 1013 (Fla. 2d DCA 2001) (same); Gifford v. State, 744 So.2d 1046, 1048 (Fla. 4th DCA 1999) (same); Brister v. State, 622 So.2d 552, 553 (Fla. 3d DCA 1993) (same).
In this case, it is unclear from the record whether Appellant’s sentence is illegal. I, therefore, would reverse the trial court’s summary denial of Appellant’s motion and remand for the attachment of portions of the record conclusively refuting Appellant’s allegations or for resentencing.