CRENSHAW, Judge.
 

 Luke Fisher appeals his judgments and sentences for trafficking in cocaine, possession of methamphetamine, possession of oxycodone, possession of MDMA, driving while license suspended, carrying a concealed firearm, and possession of drug paraphernalia. Fisher argues the trial court erred by imposing sentences that did not adhere to the terms of a deferred sentencing plea agreement. Yet we find Fisher
 
 *144
 
 did not preserve this issue by filing a motion to withdraw plea, and thus his argument is beyond our scope of review for the purpose of this appeal. Accordingly, we affirm his judgments and sentences.
 

 On November 4, 2008, Fisher entered into a written negotiated plea agreement wherein he agreed to plead no contest in exchange for a sentence of forty-eight months in prison with a minimum mandatory term of three years for the felony offenses and time served for the misdemeanor possession offense. Fisher understood that the trial court would defer sentencing and he would be allowed to remain at liberty, until the sentencing hearing. The trial court informed Fisher that under the terms of the agreement, if he failed to appear at the sentencing hearing or if he “pick[ed] up any new charges” in the interim, the trial court would not honor the agreed-upon sentence.
 

 Unfortunately for Fisher, at the sentencing hearing on December 5, 2008, the trial court was informed that he had been arrested as a result of his participation in two controlled drug buys that occurred on November 6 and November 21, 2008. The trial court proceeded to conduct an eviden-tiary hearing pursuant to
 
 Neeld v. State,
 
 977 So.2d 740, 745 (Fla. 2d DCA 2008), to determine if Fisher had violated the plea agreement by committing a new law violation. At the conclusion of the evidentiary hearing, the trial court found competent, substantial evidence that Fisher had violated the plea agreement and sentenced him to twenty years in prison for trafficking in cocaine and five years in prison for the other felonies.
 

 A defendant who pleads guilty or nolo contendere “[has] a constitutional right to appeal, although the issues that they can raise on appeal are limited.”
 
 Leonard v. State,
 
 760 So.2d 114, 116 (Fla.2000). Under Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii), a defendant who enters a guilty or nolo contendere plea and who does not expressly reserve the right to appeal a prior dispositive ruling of the trial court is limited to raising issues that occurred contemporaneously with the plea, which concern: (1) the trial court’s lack of subject matter jurisdiction; (2) a violation of the plea agreement, if preserved by a motion to withdraw the plea; (3) an involuntary plea, if preserved by a motion to withdraw the plea; and (4) a sentencing error, if preserved.
 
 See
 
 Fla. R.App. P. 9.140(b)(2)(A)(ii)(a)-(d);
 
 Biggs v. State,
 
 24 So.3d 797, 798 (Fla. 2d DCA 2010).
 

 Fisher argues the trial court violated the terms of the plea agreement by relying on insufficient evidence to determine that he committed a new law violation and thereafter imposing a sentence greater than the sentence approved under the plea agreement. In support of his argument, Fisher relies on the evidentiary requirements set forth in
 
 Neeld.
 
 But in
 
 Neeld,
 
 this court, prior to addressing the merits of his appeal, noted Neeld had filed a motion to withdraw plea. 977 So.2d at 741. In contrast, for reasons that are unclear in our record on appeal, Fisher did not file a motion to withdraw his plea. Therefore, Fisher’s contentions were not preserved under rule 9.140(b)(2)(A)(ii)(b), and we find his arguments concerning the sufficiency of the evidence relied upon by the trial court to be beyond our scope of appellate review. Accordingly, we affirm Fisher’s judgments and sentences without prejudice to any right he may have to file a motion for postconviction relief.
 

 WALLACE and KHOUZAM, JJ., Concur.