IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DONOVAN L. PATTERSON,

      Appellant,

v.                                         Case No. 5D15-2181

STATE OF FLORIDA,

      Appellee.
_____/

Opinion filed March 24, 2016

Appeal from the Circuit Court
for Orange County,
Marc L. Lubet, Judge.

James S. Purdy, Public Defender,
and Ailene S. Rogers, Assistant
Public Defender, Daytona Beach, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Samuel A.
Perrone, Assistant Attorney General,
Daytona Beach, for Appellee.

COHEN, J.

      Donovan L. Patterson appeals the sentence imposed following his plea to possession of a controlled substance with intent to sell or deliver, and possession of a firearm by a convicted felon.

      Patterson was in jail when he agreed to enter a negotiated plea of no contest to both charges. The trial court initially sentenced Patterson to fifteen years and released

him pending the final sentencing hearing. The trial court agreed to reduce his sentence to eight years upon remand to custody, on the condition that Patterson appear at sentencing and not commit any new offenses while on release. If Patterson either failed to appear for sentencing or committed a new infraction, the court stipulated that it could impose any sentence up to the statutory maximums.[1]

To emphasize the point, the trial judge warned Patterson, "If you show up and have been picked up or arrested for anything new between now and [sentencing], I am not bound by this agreement. Do you understand?" Patterson assured the court he did. The trial judge continued, "When—and I tell you this much: if you . . . don't show up [for sentencing,] when they catch you, not only am I going to leave the fifteen years on Count I, I will probably give you a consecutive fifteen on [c]ount III. Do you understand?" Patterson again assured the court that he understood.

Patterson appeared at sentencing as directed, but the trial judge informed him that the court had received an affidavit from law enforcement alleging that Patterson had committed a new infraction.[2] Patterson did not object to the affidavit or raise any issues at that time. The trial judge did not reduce the sentence on the drug charge from fifteen to eight years. Rather, he sentenced Patterson to concurrent fifteen-year sentences on the drug and firearm charges with a three-year minimum mandatory sentence on the firearm charge.

---

[1] This is commonly referred to as a <u>Quarterman</u> release. <u>See</u> <u>Quarterman v. State</u>, 527 So. 2d 1380 (Fla. 1988).

[2] The affidavit for an arrest warrant alleged that Patterson committed an aggravated assault with a firearm and an aggravated battery, and that he possessed a firearm as a convicted felon.

Subsequently, Patterson filed a "Motion to Modify Sentence," stating that he denied any knowledge of the events referenced in the affidavit, and that the State never filed charges against him for those events. That motion was summarily denied. Patterson appeals the use of an affidavit to establish the new violation of the law. He argues the affidavit did not amount to competent, substantial evidence that he failed to comply with his plea agreement. See Neeld v. State, 977 So. 2d 740, 745 (Fla. 2d DCA 2008); Walker v. State, 599 So. 2d 233, 234 (Fla. 3d DCA 1992).

Yet Patterson neither objected to the use of the affidavit at sentencing nor filed a motion to withdraw his plea. Because we find that this issue was not properly preserved for appeal, we cannot consider the merits. Fla. R. App. P. 9.140(b)(2)(A)(ii)(a)-(d); see also Rackley v. State, 755 So. 2d 833, 834-35 (Fla. 5th DCA 2000); Fisher v. State, 35 So. 3d 143, 143-44 (Fla. 2d DCA 2010). However, our affirmance is without prejudice to Patterson to raise the issue in a timely motion pursuant to Florida Rule of Criminal Procedure 3.850.

AFFIRMED.

PALMER and BERGER, JJ., concur.