IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MICHAEL SPEAR,

      Appellant,

v.                                 Case No.  5D17-1714

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed June 1, 2018

Appeal from the Circuit Court
for Brevard County,
Robin C. Lemonidis, Judge.

James S. Purdy, Public Defender, and
Brittany N. O'Neil, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison L. Morris,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

Appellant's failure to appear for a scheduled sentencing hearing resulted in the

imposition of a substantial prison sentence pursuant to *Quarterman v. State*, 527 So. 2d

1380 (Fla. 1988).  The trial court also adjudicated Appellant guilty of indirect criminal

contempt for his failure to appear.  We reverse the sentences imposed in case numbers

2016-CF-039801 and 2016-CF-047845, and remand for an evidentiary hearing and factual determination as to whether Appellant's failure to comply with the *Quarterman* agreement was willful. We also reverse the conviction and sentence for indirect criminal contempt because the trial court did not afford procedural due process. *See Garrett v. State*, 876 So. 2d 24, 25 (Fla. 1st DCA 2004) (merely asking defendant if he wished to explain behavior was insufficient; rather, court must inform defendant that he can present mitigating circumstances and give "a separate and distinct opportunity" for him to do so).

On remand, Appellant shall be afforded a new sentencing hearing and a new hearing on the contempt charge.

REVERSED AND REMANDED.

TORPY, WALLIS and LAMBERT, JJ., concur.